IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. AMOR,<br><br>      Plaintiff,<br>v.<br><br>NAPERVILLE POLICE OFFICERS MICHAEL CROSS; ROBERT GUERRERI; THE ESTATE OF MARK CARLSON; BRIAN CUNNINGHAM; JON LIPSKY; OTHER UNIDENTIFIED NAPERVILLE POLICE OFFICERS; AND THE CITY OF NAPERVILLE,<br><br>      Defendants. | Case No. 1:18-cv-02523<br><br>JUDGE JOHN Z. LEE |

## JOINT INITIAL STATUS REPORT

Now come the parties[1], by and through their respective attorneys, and in accordance with this Court's order (Dkt. 7), hereby submit the following joint initial status report:

**I.    The Nature of the Case**

    **A.    The attorneys of record for each party, including the lead trial attorney:**

Representing Plaintiff:

*Lead attorney / expected to try the case

Kathleen T. Zellner*
Douglas H. Johnson
Nicholas Curran
Kathleen T. Zellner & Associates
1901 Butterfield Road, #650
Downers Grove, IL 60515
(Ph): (630) 955-1212
Email: attorneys@zellnerlawoffices.com

Representing Defendants City of Naperville, Cunningham, Guerrieri, Cross, and Ripsky

James G, Sotos *
Lisa M. Meador
Laure M. Ranum
Joseph M. Polick
The Sotos Law Firm, P.C.
550 E. Devon Avenue, # 150
Itasca, IL 60143
(Ph): 630-735-3300
Email: jsotos@jsotoslaw.com

---

[1] This Report is filed only on behalf of those defendants have been served and have answered: Defendants Cunningham, Guerrieri, Cross, Ripsky and the City of Naperville (Hereinafter "Defendants").

1

B.   **The basis for federal jurisdiction:**

The court has original jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367.

C.   **The nature of the claims asserted in the complaint and any counterclaims:**

Plaintiff alleges in his complaint that the defendants physically and mentally coerced a false confession from him, which served as the basis for Plaintiff's prosecution and conviction. Plaintiff asserts causes of action for fabrication of evidence under the 14th Amendment, coerced confession under the 5th and 14th Amendments, conspiracy, failure to intervene and supervisory liability. Plaintiff has alleged related state-law claims for malicious prosecution, intentional infliction of emotional distress, and conspiracy.

D.   **Statement of the major legal and factual issues in the case:**

In 1995, Plaintiff resided with his wife and her mother (Ms. Miceli) in an apartment in Naperville. Ms. Miceli died as the result of a fire in that apartment. Plaintiff was subsequently arrested, charged and convicted of aggravated arson and murder. He served over twenty years in prison. In 2017, the Circuit Court of DuPage County vacated Plaintiff's convictions after an evidentiary hearing. The Court explained that Plaintiff's confession was "scientifically impossible."

The principle legal issues will be whether Plaintiff can meet his burden of proof on each element of each constitutional and state claim alleged in his Complaint, and whether the Defendant Officers are entitled to qualified immunity.

The principle factual issues will involve whether the Defendants coerced Plaintiff's confession and the probative value of the scientific evidence presented subsequent to the original trial.

Plaintiff's position is that the Defendants used physical and mental coercion to induce a false confession. Plaintiff claims that the subsequent scientific evidence completely exonerates him and proves the falsity of his confession. Defendants deny these claims.

E.   **Relief sought by Plaintiff:**

Plaintiff is seeking compensatory damages. To the extent that Plaintiff will seek special damages, he has not yet calculated them.

II.   Pending Motions and Case Plan

A. **The date and time this case is set Initial Status Hearing:**

July 17, 2018 at 9:15 a.m.

B. **All pending motions and the dates Answers were filed.**

    There are no pending motions.  Defendants filed their Answer on June 26, 2018

C. **Parties' Discussions / mandatory initial discovery responses required by <u>Mandatory Initial Discovery Pilot Project</u>:**

The parties have discussed the discovery they seek.  Plaintiff seeks communications between the defendants, notes, police reports, expert reports, street files and any documents related to the investigation into the fire at issue.  Defendants seek pleadings and transcripts of the post-conviction proceedings, transcripts of the retrial proceedings, pleadings and transcripts of proceedings relating to Plaintiff's motion for a certificate of innocence, audio recordings and /or transcripts of recordings of plaintiff's confession, documents relating to changes in fire science since the first trial, correspondence between Plaintiff and his ex-wife, family and friends, documents regarding Plaintiff's compensatory and special damages.

Plaintiff has agreed to defer punitive damages discovery until after a ruling on dispositive motions.

As to electronically stored information (ESI), the parties agree that each side will inquire about the universe of available ESI, and then further discuss the format for production and specific parameters and search terms.

The parties have considered and expect to agree on a protective order for certain documents produced and exchanged in discovery.

D. **Proposed Discovery Plan**

1. **General Type of Discovery needed;**

Plaintiff will seek discovery including but not limited to: law enforcement's investigation into the cause and origin of the fire, the investigation of Plaintiff's alleged involvement, the circumstances surrounding the interrogations of Plaintiff, the circumstances surrounding Plaintiff's alleged confession, the bases for the decision to arrest, charge and prosecute Plaintiff, the post-trial investigation of the cause and origin of the fire, the circumstances surrounding the continued prosecution of Plaintiff and Defendants' training.

3

Defendants will also seek discovery including, but not limited to, the issues set forth by plaintiff, the purported changes in fire scicence which plaintiff claims establish his confession was scientifically impossible, the relationship between plaintiff, his former wife, and mother-in-law (victim of the crime that occurred in the apartment they shared), and plaintiff's damages. Expert discovery is expected regarding the origin and cause of the fire, and any purported changes in fire science since plaintiff's original state criminal trial.

2. **Date to Issue Written Discovery:**

    August 9, 2018

3. **A date for the deadline for the amendment of pleadings:**

    October 6, 2018

4. **Fact Discovery Completion Date**

    June 17, 2019

5. **Expert Discovery Completion Date, including dates for delivery of expert reports;**

    Plaintiff to disclose expert report(s) by July 17, 2019

    Plaintiff's expert(s) to be deposed by September 1, 2019

    Defendant to disclose expert report(s) by October 1, 2019

    Defendants' expert(s) to be deposed by November 15, 2019

    Plaintiff to disclose expert rebuttal reports by December 15, 2019

    Plaintiff's rebuttal expert's deposed by January 15, 2020

6. **Date for filing Dispositive Motions:**

    March 1, 2020

E. **Whether a jury has been requested and by which party:**

1. A jury trial has been requested both by Plaintiff and Defendants

2. The probable length of the trial: Plaintiff will present the case in 10 days. Defendants estimate the trial will take 3 weeks to complete,

4

III.  **Consent to Proceed Before a Magistrate Judge**

Not all of the parties will consent to proceeding before a magistrate.

IV.  **Status of Settlement Discussions**

A. No settlement discussions have occurred;
B. No settlement discussions have occurred;
C. Plaintiff would engage in a settlement conference if Defendants deem a settlement conference potentially successful. Plaintiff has not made a settlement demand for Defendants to evaluate the potential of a productive settlement conference at this juncture.

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner
On behalf of Plaintiff
Kathleen T. Zellner & Associates
1901 Butterfield Road, #650
Downers Grove, IL 60515
(Ph): (630) 955-1212
Email: attorneys@zellnerlawoffices.com

/s/ James G. Sotos
James G. Sotos
On behalf of Defendant City
The Sotos Law Firm, P.C.
550 E. Devon Avenue, #150
Itasca, IL 60143
(Ph) (630) 735-3300
Email: jsotos@jsotoslaw.com

## Proof of Service

I hereby certify that I have served the foregoing document to all counsel of record on July 12th, 2018, by means of the Court's electronic case filing system.

Respectfully submitted,

/s/ Kathleen T. Zellner
Kathleen T. Zellner
Kathleen T. Zellner & Associates, P.C.
1901 Butterfield Road, Suite 650
Downers Grove, Illinois 60515
Phone: (630) 955-1212
Email: attorneys@zellnerlawoffices.com