IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM AMOR, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>OFFICER MICHAEL CROSS, et al., )<br>)<br>*Defendants*. )<br>) | Case No. 18-CV-2523<br><br>Hon. John Z. Lee |

### PLAINTIFF'S MOTION TO SUBSTITUTE COUNSEL

Plaintiff, William Amor, hereby moves this Court pursuant to Local Rule 83.17 for leave to substitute the law firm of Loevy & Loevy and the undersigned counsel, Jon Loevy and Tara Thompson, to replace his present counsel in this matter. In support of this motion, Plaintiff states as follows:

1. Plaintiff Amor has brought an action arising out of his wrongful conviction. He is suing the Village of Naperville and some of its police officers for compensatory and punitive damages.

2. The undersigned counsel (hereafter, "Original Counsel") have a long-standing relationship representing Mr. Amor. Original Counsel began representing Mr. Amor in post-conviction proceedings in 2016. They worked with the Illinois Innocence Project to develop evidence that supported Mr. Amor's innocence and to file post-conviction pleadings to have his conviction vacated.

Case: 1:18-cv-02523 Document #: 51 Filed: 09/05/19 Page 2 of 5 PageID #:162

3.  After the DuPage County Circuit Court granted Mr. Amor a post-conviction evidentiary hearing, Original Counsel (Tara Thompson) joined by the Illinois Innocence Project, participated at that hearing in 2017 and presented evidence and witnesses in support of Mr. Amor's claims. As a result of those proceedings, Original Counsel persuaded the Court to grant Mr. Amor a new trial.

4.  The State elected to retry Mr. Amor for the underlying murder. One of Mr. Amor's Original Counsel (Tara Thompson), along with the Illinois Innocence Project, represented Mr. Amor at his retrial in early 2018. As a result of that retrial, Mr. Amor was acquitted.

5.  All throughout that process and after, Original Counsel and the client-support-staff of the Exoneration Project (a nonprofit organization funded by the undersigned counsel) worked with Mr. Amor to assist with his social work and reentry needs. The Exoneration Project and Original Counsel represented Mr. Amor without cost in his post-conviction proceedings and continued providing reentry services *pro bono* as needed over the ensuing years, maintaining a meaningful relationship with Mr. Amor as time passed.

6.  While Mr. Amor and Original Counsel were in the process of discussing representation for this civil suit in the aftermath of his acquittal, his present attorney (who had no involvement whatsoever in the post-conviction proceedings and no relationship of any kind with Mr. Amor) contacted Mr. Amor, signed a retainer agreement with him, and then hastily filed this civil suit – well before the Certificate of Innocence Proceedings had been resolved.

2

7. Those events notwithstanding, Mr. Amor maintained his existing relationship with Original Counsel, visiting their office and attending the annual end of Summer picnics with other exonerees, most recently earlier this month.

8. After due consideration, Mr. Amor has decided to retain Original Counsel to pursue this action for him. As this Court is aware, Original Counsel are very familiar with this area of the law, and are generally regarded as one of the most, if not the most, experienced and successful firms in the nation as far as litigating these types of claims.

9. The undersigned Original Counsel understands that this litigation has been pending since early 2018 without much progress past written discovery. Mr. Amor, for example, has not even been deposed.

10. Original Counsel also understands that this Court has set a firm fact discovery cutoff of January 31, 2020, with an expert schedule set thereafter (Dckt. No. 50.) Original Counsel, who have intimate experience with the facts of this case and a continuing relationship with Mr. Amor, stand ready to assume Mr. Amor's representation and to move this litigation forward under the Court's presently-set schedule.

11. The circumstances under which present counsel came to represent Mr. Amor after Original Counsel had already established an existing relationship (and numerous other similar situations involving others) are not before this Court. Mr. Amor has communicated to his new counsel in writing his decision to return to

Original Counsel, and has asked new counsel to respect that decision. Hopefully that will be what happens.[1]

12.  In sum, it is Mr. Amor's desire to substitute counsel and conclude this litigation with Original Counsel. Original Counsel stands ready to assume his representation without a delay in these proceedings. Mr. Amor has appropriately sought leave pursuant to Local Rule 83.17. There is no prejudice to Defendants for the Court to allow this substitution.

WHEREFORE, for the above reasons, Mr. Amor respectfully requests this Court grant him leave to substitute counsel in this matter to the undersigned counsel, terminating the representation of his new counsel.

RESPECTFULLY SUBMITTED,

/s/ Jon Loevy

Jon Loevy
Tara Thompson
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, Illinois  60607
(312) 243-5900
jon@loevy.com

---

[1] If new counsel believes she has a lien for quantum merit for any work performed to date, that is an issue that would have to be resolved between counsel, but it does not affect the present motion.

4

## Certificate of Service

     I, Jon Loevy, an attorney, hereby certify that on September 5, 2019, I caused to be served to all counsel of record through the Court's CM/ECF system a copy of the foregoing Motion to Substitute Counsel.

/s/ Jon Loevy