IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| WILLIAM AMOR, | ) | |
|---|---|---|
| | ) | Case No. 18-CV-2523 |
| *Plaintiff,* | ) | |
| | ) | Hon. John Z. Lee |
| v. | ) | |
| | ) | |
| OFFICER MICHAEL CROSS, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff, William Amor, by and through his attorneys, respectfully moves the Court for leave to file his First Amendment Complaint, attached hereto as Exhibit 1. In support of this motion, Plaintiff states as follows:

FACTUAL BACKGROUND

1. Plaintiff filed his original Complaint (Dkt. No. 1) in this matter on April 9, 2018. That Complaint, filed by Plaintiff's prior counsel, alleged, among other things, that five individual police officers and the City of Naperville entered into and executed a conspiracy to cause Plaintiff's unlawful arrest and subsequent prosecution for murder and aggravated arson that he did not commit. The centerpiece of that conspiracy was a multi-day interrogation that followed numerous other attempts by Defendants to pressure him to confess to a crime that he did not commit. The final interrogation, at the conclusion of which Defendants

falsely claimed Plaintiff had given a truthful, voluntary confession, began with two defendants, Defendant Cross and Defendant Guerrieri, compelling Plaintiff to go with them from DeKalb County to submit to a purported polygraph examination and interrogation by trained interrogators from John E. Reid & Associates.

2. Reid & Associates, through its employees, then administered several polygraph examinations of Plaintiff, which occurred mere hours before Plaintiff's eventual "confession" and arrest. Reid & Associates is an Illinois based corporation that specializes in polygraph examinations and the "Reid Technique" of interrogation. The employees who participated in these interrogations, Michael Masokas and Arthur Newey, were both experienced interrogators, and applied that experience in seeking to compel Plaintiff to falsely confess.

3. At the time Plaintiff filed that complaint he knew that he had been interrogated by employees of Reid & Associates, but he did not know until present counsel reviewed records and conducted a deposition of Michael Masokas the level of involvement of Reid & Associate and its employees in his interrogation. Masokas, a former polygraph examiner, was deposed on November 5, 2019, and spoke to the intimate involvement of him and colleague Arthur T. Newey on the multiple polygraph examinations Plaintiff was exposed to. This testimony, among other fact discovery, is what led Plaintiff to realize he had a colorable claim against Reid & Associates.

4. Similarly, Plaintiff was aware that David Ferreri, as lead investigator with the Naperville Fire Department into the fire at issue, played a role in

exploring the potential circumstances that led to the fire. It was not until present counsel reviewed records and conducted a deposition of Defendant Guerrieri, however, that Plaintiff determined Ferreri had done more than merely investigate the fire.

5. Specifically, Defendant Guerrieri's testimony placed Ferreri at the scene of the fire, while a review of the record established that Ferreri affirmatively questioned Plaintiff on his involvement and location subsequent to the alleged origin of the fire, at least once. Notably, this included an interview that Ferreri conducted with Defendant Cross, which was taken with the intent of "pinning down" Plaintiff to a certain location within the apartment where the fire started.

6. Plaintiff's present counsel was granted leave to appear in this litigation on September 24, 2019. (Dkt. No. 55.) This was long after the date this Court originally set for the amendment of the pleadings, October 6, 2018, had passed. (Dkt. No. 28.) Very little discovery occurred prior to the deadline for amendment of pleadings, however – Plaintiff took only two depositions during that time, Brian Nigohsian on August 7, 2019 and Jon Ripsky on August 12, 2019. Defendants took no depositions.

7. Plaintiff's present counsel, who appeared in this litigation relatively recently and who have moved forward discovery to finish this litigation in a timely fashion, have identified claims that Mr. Amor has against Reid & Associates and its employees, as well as former Lieutenant David Ferreri, and seeks to proceed with

those claims as identified in the proposed amended complaint attached as Exhibit 1 to this motion.

8. Plaintiff also seeks to add a claim under 42 U.S.C. § 1983 for unlawful detention in violation of the Fourth and Fourteenth Amendment.

## ARGUMENT

### I. Amending Complaint to Add John Reid & Associates and David Ferreri as Defendants

9. Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure allows a Plaintiff to amend his or her Complaint at any time before trial with the Court's leave. This is a liberal pleading standard, which directs the Court to "freely give leave when justice so requires."

10. As the Seventh Circuit has explained, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile," *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (internal citations omitted). Moreover, the "district court's discretion under Rule 15(a) is not a one-way street: it applies equally to decision to deny *and* to grant leave to amend." *Arreola*, 546 F.3d at 796.

11. In other words, where such factors are not present, a district court has no basis for denying leave – and none of the factors discussed in *Arreola* are present here.

12. As an initial matter, Plaintiff has not delayed in seeking leave to amend. Plaintiff's present counsel understands that the Court set a deadline for the amendment of pleadings that has since passed, on October 6, 2018 (Dkt. No. 28). However, several factors compounded to make meeting that deadline – or, indeed, submitting this motion any earlier than it has been – nearly impossible to do. First, Plaintiff's present counsel was not granted leave to appear to represent Plaintiff until September 9, 2019 (Dkt. No. 15), long after that initial deadline had passed. Second, Plaintiff's former counsel had engaged in little substantive discovery – past preliminary written discovery – within the months between filing the Complaint and ending their representation of Plaintiff, which left Plaintiff's current counsel in the dark regarding several key elements of the case. It was only after Plaintiff's substitution was granted, and Plaintiff began to robustly engage in fact discovery, that Plaintiff came to believe Reid & Associates, as well as David Ferreri, played an integral role in depriving him of his constitutional rights.

13. Therefore, despite the gap in time between the filing of the initial complaint and this motion, there has been no undue delay in seeking leave to file an amended complaint. Functionally, Plaintiff only discovered he had basis to add Reid & Associates and David Ferreri as parties to his claim as discovery has progressed since he substituted counsel.

14. Likewise, Plaintiff has not acted with the intent to delay proceedings. Far from it – since Plaintiff's new counsel appeared on this case, they have actively

worked with Defendants to conduct additional depositions, schedule remaining depositions, and participate fully in moving discovery forward.

15. Furthermore, there is no indication that this motion will cause undue prejudice to the defendants. Plaintiff's claims against Reid & Associates and its employees are within the statute of limitations for such claims. Though discovery has already commenced, both Plaintiff and Defendants are still in the process of engaging in necessary document production and deposing each other's' fact witnesses – and as it happens, Plaintiff identified David Ferreri as a necessary witness in this case and has been attempting to schedule his deposition for the last two months.

16. These facts, as well as Defendants' awareness that Reid & Associates has been implicated by Plaintiff's complaint, suggests that little additional burden will be placed on Defendants as a result of this amendment. To the contrary, allowing these claims to be amended to this lawsuit, rather than brought in a separate lawsuit, would be in the interests of justice and judicial economy.

17. Additionally, Plaintiff has not acted in bad faith in bringing forward this motion. Plaintiff is not seeking to add any new claims; he only seeks to add one new set of related parties.

18. Lastly, Plaintiff has not previously failed to cure deficiencies in his Complaint – indeed, none have been identified – and his addition of Reid & Associates is far from futile.[1]

## II. Amending Complaint to Add Unlawful Detention Claim

19. As with Plaintiff's argument above, none of the factors discussed in *Arreola* are present here. Plaintiff has not delayed in seeking to amend – it was not until Plaintiff's present counsel reviewed the record and deposed the aforementioned witnesses that Plaintiff understood he had a colorable additional claim for unlawful detention under 42 U.S.C. § 1983. Defendants cannot claim undue prejudice – though the claim the Plaintiff is bringing was not raised prior to this motion, the elements of unlawful detention under § 1983 are similar in fact and in substance to Plaintiff's state law claim for malicious prosecution, which Plaintiff pled with the initial complaint. Nor is there any indication that Plaintiff is acting in bad faith or with an intent to delay proceedings, since it is unlikely any significant delay will result for this additional, similarly pled claim. Lastly, as identified above, Plaintiff has not previously failed to cure deficiencies, and his addition of a § 1983 claim for unlawful detention is not futile – indeed it gets to the core of the allegations he has already pled against Defendants.

---

[1] There is a minor housekeeping issue addressed in Plaintiff's Amended Complaint, which is to correct the name of Defendant Jon Ripsky, who is identified in Plaintiff's initial complaint as "Jon Lipsky." Mr. Ripsky has already been deposed and there is no issue among the parties about his identity, but his name was misspelled in the initial Complaint.

20.     Simply put, allowing a plaintiff to add a supplemental legal theory to a complaint – particularly when said legal theory materially relates to the claims pled in the original complaint – is well within the discretion of the district court, and speaks to the very purpose of Rule 15. This Court, in fact, has granted the filing of such amended complaints, particularly in instances when no undue prejudice or delay would result in light of the additional legal theory. *See Stimac v. J.C. Penney Corp., Inc.*, No. 16 C 3581, 2018 WL 497367, at *1-*3 (N.D. Ill. Jan. 22, 2018) (finding that the addition of newly pled legal claims within plaintiff's amended complaint would not unduly prejudice or delay proceedings, because "any additional discovery on this limited issue would not be so extensive and costly as to justify denying a motion to amend," and further because "the newly proposed counts [were] related to the [] claim in the initial complaint, arising out of the same occurrence."). *See also Livingston v. City of Chicago*, No. 16 C 10156, 2020 WL 91274, at *2 (N.D. Ill. Jan. 7, 2020) ("Here, it is difficult to see how the additional claims would prejudice the city . . . . The addition of legal theories based on the same alleged injury 'do[es] not fundamentally change the complaint, and cannot be considered an unfair 'surprise' to a defendant.' . . . . As such, Plaintiff's may amend their complaint to include their proposed § 1983 . . . claims.") *citing Shefts v. Petrakis*, 954 F.Supp.2d 769, 789 (C.D. Ill. 2013).

\*\*\*

21. Within the attached Amended Complaint, Plaintiff has also included a demand for a jury trial pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

22. As the Court directed, Plaintiff's counsel has conferred with Defendants' counsel about this motion, and Defendants have indicated that they are taking no position on the amended complaint until the motion is filed.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff leave to file the attached Amended Complaint.

Respectfully submitted,

**WILLIAM E. AMOR**

/s/ Mariah Garcia
One of the Plaintiff's Attorneys

Jon Loevy
Tara Thompson
Mariah Garcia
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, Illinois 60607
(312) 243-5900
jon@loevy.com

# CERTIFICATE OF SERVICE

  I, Mariah Garcia, an attorney, hereby certify that on February 18, 2020, I caused the foregoing document to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

              Respectfully submitted,

              /s/ Mariah Garcia
              *One of Plaintiff's Attorneys*