IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. AMOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-02523 |
| | ) | |
| REBECCA GOMEZ, as Special Representative for Michael Cross, Deceased, et al., | ) ) ) | The Hon. John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

**UNOPPOSED VERIFIED MOTION TO SUBSTITUTE JEANNE OLSON, TRUSTEE OF THE WILLAIM AMOR TRUST AS SUCCESSOR PLAINTIFF**

Jeanne Olson, not individually but as Trustee of the William Amor Revocable Living Trust dated July 28, 2022, respectfully moves this Court pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure for entry of an order granting her leave to substitute as Plaintiff in this cause for William Amor. In support, the Trustee states:

1. Plaintiff William Amor filed this case on April 9, 2018. Mr. Amor passed away on January 31, 2023. A suggestion of death on the record was filed in this cause on February 16, 2023. *See* ECF No. 192. A certificate of death for Mr. Amor is attached as Ex. A.

2. Prior to his death, Mr. Amor established the William Amor Revocable Living Trust dated July 28, 2022 (hereinafter referred to as "the Trust"). Mr. Amor was the sole Trustee of the William Amor Revocable Living Trust during his lifetime. Upon Mr. Amor's death, Jeanne Olson became Successor Trustee in accordance with Section 5.2 of the Trust (Ms. Olson is hereinafter referred to as the "Trustee"). The Trust identifies Mr. Amor's heirs (*see* Section

1

1.1) and establishes the beneficiaries of the Trust and their respective shares of the Trust Estate (Article III). A copy of the Trust is attached as Ex. B.

3. Also on July 28, 2022, Mr. Amor executed a Will that poured all of his assets into the Trust and a General Assignment of those assets to the Trust. Among Mr. Amor's assets is his right to recover in this lawsuit. Copies of the Will and the General Assignment are attached as Ex. C and Ex. D.

4. Section 7.15 grants the Trustee the power to litigate, compromise, or settle claims in favor of the Trust. The Trustee desires that this cause be prosecuted for the benefit of the Trust. To that end, she has retained the law firm of Loevy & Loevy, which represented Mr. Amor, to represent her, not individually but as Trustee.

5. Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure and Illinois law (*see* 735 ILCS 5/2-1008(b)), the Trustee is the proper party to substitute for Plaintiff and continue this cause.

6. Counsel for the defendants has reviewed a copy of this motion and the exhibits and has authorized the undersigned to represent that, while the defendants take no position with respect to the underlying documents, this motion is not opposed.

7. The Trustee verifies under oath that the statements contained in this motion are truthful.

WHEREFORE, Jeanne Olson, not individually but as Trustee of the William Amor Trust, requests that this Court enter an order granting her leave to substitute as Plaintiff in this cause for William Amor.

        Respectfully submitted,

        **JEANNE OLSON, Not Individually But**
        **As Trustee of the William Amor Trust**

        By: /s/ Locke E. Bowman
        *Attorney for the Trustee*

Jon Loevy
Gayle Horn
Locke E. Bowman
Mariah Garcia
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
locke@loevy.com

## VERIFICATION

Jeanne Olson, not individually, but as Trustee of the William Amor Trust, pursuant to 28 U.S.C. § 1760, declares under penalty of perjury that the statements contained in the foregoing Motion to Substitute are true and correct.

_Jeanne Olson 2/20/23_
Jeanne Olson

## CERTIFICATE OF SERVICE

    I, Locke E. Bowman, an attorney, certify that on February 27, 2023 I filed the foregoing document using the court's CM/ECF system, which automatically caused copies to be delivered upon all counsel of record.

                                                    /s/   Locke E. Bowman