IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNE OLSON, Trustee of the WILLIAM AMOR Trust, as successor plaintiff, <br><br> Plaintiff, <br><br> v. <br><br> REBECCA GOMEZ, as Special Representative for Michael Cross, deceased, et al., <br><br> Defendants. | Case No. 18 CV 2523 <br><br> Honorable John J. Tharp, Jr. <br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' RULE 12(c) MOTION FOR JUDGMENT
ON PLAINTIFF'S MALICIOUS PROSECUTION CLAIM (COUNT VI)**

Defendants Rebecca Gomez, as Special Representative of Michael Cross, deceased, Robert Guerrieri, Brian Cunningham, and the City of Naperville[1], by and through their attorneys, The Sotos Law Firm, P.C., and pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(3), hereby move for judgment on the pleadings on Plaintiff's state law malicious prosecution claim (Count VI), and state:

**INTRODUCTION**

Count VI of Plaintiff's Complaint alleges a claim for malicious prosecution under Illinois law. The Court had supplemental jurisdiction over this claim pursuant to 28 U.S.C. §1367(a). Under controlling Illinois precedent, a claim for malicious prosecution does not survive a party's death. Plaintiff William E. Amor ("Amor") passed away on January 31, 2023. As such, the malicious prosecution claim abated upon Amor's death, depriving this Court of subject matter jurisdiction over the claim. Lack of subject matter jurisdiction can be raised at any stage of

---

[1] Count VI is only brought against the individual defendants. Defendant City of Naperville joins this motion because of the pending indemnification (Count IX) and *respondeat superior* (Count X) claims.

litigation, including appeal, and cannot be waived or forfeited. Accordingly, this Court must dismiss the malicious prosecution claim (Count VI) for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND

On April 9, 2018, Plaintiff Amor filed his Complaint against Naperville Police Officers Michael Cross, Robert Guerrieri, Brian Cunningham, Jon Ripsky,[2] and the City of Naperville. (Dkt. 1.)[3] In his Complaint, Amor alleged claims of Fourteenth Amendment fabrication of evidence (Count I), Fifth and Fourteenth Amendment coerced confession (Count II), § 1983 conspiracy (Count III), § 1983 failure to intervene (Count IV), Illinois state law malicious prosecution (Count VI), Illinois state law intentional infliction of emotional distress (Count VII), and Illinois state law conspiracy (Count VIII) against all four individual Defendants, § 1983 supervisory liability (Count V) against Defendants Ripsky and Cross, and indemnification (Count IX) and *respondeat superior* (Count X) against Defendant City of Naperville.

Defendant Jon Ripsky was voluntarily dismissed on December 16, 2021. (Dkts. 133, 134.) On December 17, 2021, all remaining Defendants moved for summary judgment which was fully briefed as of May 2022. (Dkts. 135-173.) Over eight months later, on January 31, 2023, Amor passed away, and on February 16, 2023, Amor's counsel filed a suggestion of his death upon the record. (Dkt. 192.) On February 27, 2023, Amor's counsel filed an Unopposed Verified Motion to Substitute Jeanne Olson, Trustee of the William Amor Trust, as Successor Plaintiff. (Dkt. 199.) The Court granted Ms. Olson leave to substitute as Plaintiff in her capacity as trustee on February 28, 2023. (Dkt. 200.)

---

[2] Erroneously named as "Jon Lipsky" in the Complaint.
[3] Plaintiff also originally named the Estate of Seargent Mark Carlson as a defendant in his Complaint. Carlson's death preceded the filing of the Complaint, but Plaintiff did not seek to name a personal representative for the deceased, issue summons, or otherwise attempt to execute service of process. The Court later denied Plaintiff's motion to appoint and substitute a special representative for Mark Carlson, who was never a party to this case. (Dkts. 69, 72, 73.)

**LEGAL STANDARD**

Defendants bring this motion pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(3). Rule 12(h)(3) provides: "If the court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "Although lack of subject matter jurisdiction is usually raised through a motion under 12(b)(1), a Rule 12(c) motion is another way to raise it." *Stefanski v. McDermott*, No. 08 CV 123, 2009 WL 418254, *1, n. 3 (N.D. Ind. Feb. 17, 2009). To be sure, "[t]he Seventh Circuit has held that after the close of pleadings a defendant may raise various Rule 12(b) defenses in a motion for judgment on the pleadings under Rule 12(c)." *Chosen Consulting, LLC v. Town Council of Highland, Indiana*, No. 20 CV 246, 2022 WL 3042228, *3 (N.D. Ind. Aug. 1, 2022) (citing *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993)); *Pulver v. Tri Western Metals*, No. 03 CV 9267, 2004 WL 1497807, *1 (N.D. Ill. July 1, 2004) ("A Rule 12(c) motion may be used to raise various Rule 12(b) defenses regarding procedural defects, such as lack of subject matter jurisdiction"). "A party may raise lack of subject matter jurisdiction through a rule 12(c) motion, but the analysis is ultimately one under 12(b)." *Little Arm Inc. v. Adams*, 13 F. Supp. 3d 893, 902, n. 4 (S.D. Ind. 2014); *Alexander*, 994 F.2d at 336 (Rule 12(c) motion analyzed under same standard as the corresponding Rule 12(b) motion).

A motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial. Fed. R. Civ. P. 12(i). Objections to subject matter jurisdiction may be made at any time, and a party may raise this objection even if it had previously acknowledged the court's jurisdiction. *See Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011). Additionally, "federal courts have an independent obligation to ensure that they do not exceed

3

the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Id.* at 434.

## ARGUMENT

I. **Plaintiff's Malicious Prosecution Claim Does Not Survive Amor's Death and Must be Dismissed for Lack of Subject Matter Jurisdiction**

Pursuant to controlling Illinois law, a malicious prosecution claim abates and is extinguished upon the death of a plaintiff. "A suit for malicious prosecution…does not survive the death of the injured party or tortfeasor." *Kent v. Muscarello*, 9 Ill. App. 3d 738, 740 (2nd Dist. 1973). When a malicious prosecution claim abates, the court is deprived of subject matter jurisdiction over the claim. "Abatement of the suit or proceeding extinguishes jurisdiction in the court of the subject-matter..." *People ex. rel. Peace v. Taylor*, 342 Ill. 88, 96 (1930). Since Amor's malicious prosecution claim abated and was extinguished upon his death, this Court no longer has subject matter jurisdiction over the claim, and it must be dismissed.

Whether Plaintiff's malicious prosecution claim survives his death is governed by Illinois law. *Continental Assur. Co v. American Bankshares Corp.*, 483 F. Supp. 175, 177 (E.D. Wis. 1980) ("The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose"); citing *Ransom v. Brennan*, 437 F.2d 513, 520 (5th Cir. 1971) ("[W]hether a cause of action survives the death of [a party] is determined by the law of the jurisdiction in which the cause of action arose"). In Illinois, the Survival Act ("the Act") determines whether a claim survives a party's death. 755 ILCS 5/27-6. Under the Act, claims for malicious prosecution abate and do not survive the death of a party. *Kent*, 9 Ill. App. 3d at 740.

The sole exception to abatement of malicious prosecution claims–the "officer malfeasance" provision of the Act–does not apply here. The Act states, in relevant part, "In

4

addition to the actions which survive by common law, the following also survive:…actions against officers for misfeasance, malfeasance, or nonfeasance of themselves or their deputies…" 755 ILCS 5/27-6. This exception is inapplicable here because none of the Defendants are "officers" within the meaning of the Act.

Defendant City of Naperville is a municipal corporation. Defendant Rebecca Gomez, as Special Representative of Michael Cross, deceased, is not an "officer" of Naperville; she is Cross' daughter who is sued in her representative capacity. *See* Fed. R. Civ. P. 17(b)(3); (Dkt. 188.) Defendants Robert Guerrieri and Brian Cunningham, and Michael Cross, deceased, were Naperville police officers at the time of the events giving rise to this lawsuit. However, "[a]t common law a policeman was not an officer. The office exists, therefore, only when created by statute or municipal ordinance." *Krawiec v. Industrial Commission*, 372 Ill. 560, 563 (1939). Plaintiff can point to no statute or ordinance that designates Naperville Police Department members as "officers." Indeed, and to the contrary, the Naperville Municipal Code specifically states: "Members of the Police Department **are not** City officers." *Naperville Mun. Code* § 1-8A-4 (eff. Jan. 19, 1976) (emphasis added), attached hereto as Ex. A.[4] Thus, the "officer malfeasance" exception does not apply and cannot save Plaintiff's malicious prosecution claim.

The controlling case on this issue is *Kent v. Muscarello.* In *Kent*, the plaintiff sued two Barrington, Illinois police officers for false imprisonment and malicious prosecution. 9 Ill. App. 3d at 739. The plaintiff later died while the suit was pending, and the executor of his estate sought leave to be substituted as the plaintiff. *Id*. The trial court denied leave and dismissed the case with prejudice. *Id*. On appeal, the Illinois Appellate Court affirmed, stating, "[i]t has long

---

[4] The court may take judicial notice of the Naperville municipal ordinance without converting Defendants' motion into one for summary judgment. *See, Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir.), *cert. denied*, 434 U.S. 968 (1977); *Weller v. Paramedic Servs. of Ill., Inc.*, 297 F.Supp.3d 836, 847 (N.D. Ill. 2018); Fed.R.Evid. 201(b)(2).

been the law in Illinois that an action for malicious prosecution does not survive under the survival statute." *Id*. at 740 (citing *Denslow v. Hutchinson*, 152 Ill. App. 502, 504 (1st Dist. 1908); *Shedd v. Patterson*, 312 Ill. 371, 375 (1924)). The appellate court rejected the plaintiff's executor's argument that, because the two defendants were police officers, the action survived under the "officer malfeasance" exception. *Id*. at 741. The court explained:

> The mere fact that the complaint denominated them as "police officers" does not control. At common law a policeman is not an "officer," and the "office" exists only when created by statute or municipal ordinance. There is nothing in the record here to indicate that the policemen defendants were "officers" of the City of Barrington.

*Kent*, 9 Ill. App. 3d at 741. In this case, as in *Kent*, there is nothing in the record to indicate that Defendants Guerrieri and Cunningham or Cross were "officers" of the City of Naperville. In fact, the opposite is true. The Naperville Municipal Code specifically states that members of the Naperville Police Department are not officers of the City. *Naperville Mun. Code* § 1-8A-4.

In analyzing the officer malfeasance exception, courts look to municipal ordinances to determine whether a particular police officer may be deemed an "officer" under the Act. In *Beard v. Robinson*, the plaintiff filed suit as administrator of the estate of the decedent, who was allegedly killed by the defendants, a Chicago policeman and several FBI agents. 563 F.2d 331, 332 (7th Cir. 1997), *abrogated on other grounds*, *Monroe v. Columbia Coll., Chicago*, 990 F.3d 1098, 1100 (7th Cir. 2021). The plaintiff alleged various federal civil rights claims against the defendants. *Id*. The federal district court dismissed the complaint, holding that the claims did not survive the decedent's death. *Id*. On appeal, the Seventh Circuit reversed, holding that the causes of action survived under the "officer malfeasance" exception of the Illinois Survival Act. *Id*. at 333. Crucially, the court found that the defendant Chicago policeman was an "officer" because

"City of Chicago policemen were made officers by city ordinances." *Id*. at 334. Additionally, the defendant FBI agents were "deemed federal officers under federal law." *Id*.

Similarly, in *Heidelberg v. Manias*, the plaintiff's conviction was vacated and he was granted a new trial after forty-seven years in prison. No. 18 CV 1161, 2019 WL 4862069, *1 (C.D. Ill. Mar. 26, 2019). He died less than a year later. *Id*. The administrator of his estate then sued the police officers and prosecutors involved in the arrest and prosecution, alleging claims under 42 U.S.C. § 1983 and Illinois law. *Id*. at *1. The defendants filed motions to dismiss. *Id*. In analyzing the arguments for dismissal of the Illinois malicious prosecution claim, the court noted the existence of the "officer malfeasance" exception to the Act, and recognized that the question was "whether Plaintiff's malicious prosecution claim falls within this provision." *Id*. at *20. The court concluded that, pursuant to Peoria, Illinois' municipal ordinance, the defendant Peoria police officers were "officers" within the meaning of the Survival Act, and therefore, the malicious prosecution claim did not abate at the decedent's death.[5] *Id*. at *20-21.

The reasoning of *Beard* and *Heidelberg* – that a City ordinance addressing whether a police officer is an "officer" of the City controls the inquiry under the Act – is sound and should be applied here. Defendants Guerrieri and Cunningham and Cross, deceased, are clearly not "officers" within the meaning of the Act because Naperville's Municipal Code unequivocally states they are not "officers." *Naperville Mun. Code* § 1-8A-4. Thus, this Court is bound by the Illinois Appellate Court's holding in *Kent v. Muscarello*. *See City of Philadelphia v. Beretta U.S.A. Corp*., 277 F.3d 415, 421 (3rd Cir. 2002) ("[I]t is not the role of a federal court to expand

---

[5] The court in *Heidelberg* further concluded that the malicious prosecution claim survived against defendant Peoria County Sheriff's Deputies because, "'[u]nlike a policeman, who was not an officer of the city at common law, a deputy sheriff was generally held to occupy an office and was viewed as a public officer.'" *Heidelberg*, 2019 WL 4862069 at *20 (quoting *Winnebago County v. Indus. Comm'n*, 39 Ill. 2d 260, 263 (1968)). The court also determined that the malicious prosecution claim survived against the defendant prosecutors because "[t]he office of state's attorney is one created by statute." *Id*. at *21.

7

state law in ways not foreshadowed by state precedent"); *CIT Group/Factoring v. SDC Assocs.*, 1990 WL 156218, *2 (N.D. Ill. Oct. 5, 1990) ("To the extent plaintiff wishes to expand Illinois law, it has filed its suit in the wrong court"). Pursuant to controlling Illinois law, Plaintiff's malicious prosecution claim abated at Amor's death and must be dismissed.

Additionally, in a case involving the same Plaintiff and Plaintiff's counsel, *Amor v. John Reid & Associates, et al.*, Case No. 20 CV1444 (N.D. Ill) ("*Reid*"), Judge Alonso applied similar reasoning in dismissing Plaintiff's state law malicious prosecution claim. (Order 5/24/2023, *Reid* Dkt. 124, attached as Ex. B.) The *Reid* case arises from similar operative facts as the instant case. Amor alleges wrongful prosecution and conviction against defendants John Reid & Associates and its employees under the theory that they acted in concert with the Naperville police officers and "committed misconduct during the course of their 'participa[ion] in the investigation and interrogation of Plaintiff by the Naperville Police Department.'" *Id*. at p. 3. In that case, like here, Jeanne Olson, as Trustee of the William Amor Trust, moved to substitute as plaintiff in place of Amor after his death. Judge Alonso granted the motion to substitute with respect to some claims, but not the Illinois malicious prosecution claim. In explaining why the "officer malfeasance" exception did not apply, Judge Alonso stated:

> Ms. Olson argues that Defendants should be considered "officers" or "deputies" of the Naperville police under the Survival Act. Ms. Olson assumes that the Naperville police officers qualify as "officers" under the Survival Act, relying upon *Beard v. Robinson*, 563 F.2d 331, 333-34 (7th Cir. 1997) and *Heidelberg v. Manias*, No. 18-CV-01161-SLDJEH, 2019 WL 4862069, at *20-21 (C.D. Ill. Mar. 26, 2019). But those cases found the municipal officer defendants to be "officers" within the Survival Act because they were made officers by applicable municipal ordinances…Here, Ms. Olson cites to no municipal ordinance that would indicate Naperville police are "officers" of the City of Naperville.

Ex. B at 3. Judge Alonso further explained why a malicious prosecution claim only survives against "officers" and not "their deputies," stating:

8

> Ms. Olson's argument that Defendants were acting as "deputies" of the Naperville police is unavailing. The relevant clause of the Survival Act applies to "actions *against* officers," including for "malfeasance…of…their deputies" – not actions against deputies for their own malfeasance.

*Id.* at 3, n. 1 (citing 755 ILCS 5/27-6) (emphasis in original).

Judge Alonso's reasoning is directly applicable here. In light of Naperville Municipal Code section 1-8A-4, Defendants Guerrieri and Cunningham and Cross, deceased, are not "officers" within the meaning of the Illinois Survival Act. Additionally, whether Guerrieri, Cunningham, and Cross could be considered "deputies" is irrelevant. As Judge Alonso made clear, the plain language of the Survival Act states that it applies to claims against officers for the malfeasance of their deputies, not to claims against deputies directly for their own malfeasance. Therefore, Amor's malicious prosecution claim abated upon his death, and this Court must dismiss the claim for lack of subject matter jurisdiction.

## II. Defendants Did Not Waive Subject Matter Jurisdiction By Not Objecting to Plaintiff's Motion to Substitute

Defendants did not oppose Plaintiff's Motion to Substitute Trustee Jeanne Olson as successor plaintiff for William E. Amor, deceased. (Dkt. 199.) However, the abatement of the malicious prosecution claim upon Amor's death deprived this Court of subject matter jurisdiction over that claim, and lack of subject matter jurisdiction cannot be waived even if Defendants did not raise it in response to Plaintiff's motion to substitute the party plaintiff. "Subject matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation . . ." *See, Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also, Henderson*, 562 U.S. at 434-35.

Rule 25(a)(1) states, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "This rule provides if the claim

on which the suit is based survives (some claims, such as a claim of defamation, die with the claimant), the court may order the substitution of the proper party." *Atkins v. City of Chicago*, 547 F.3d 869, 870 (7th Cir. 2008). Before substituting a party pursuant to Rule 25, the "court must first ask...whether the plaintiff's…claims against [defendant] survive his death." *Tamburo v. Dworkin*, No. 04 CV 3317, 2012 WL 104545, *1 (N.D. Ill. Jan. 11, 2012) (citing *Atkins*, 547 F.3d at 870).

"The question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Continental Assur. Co*, 483 F. Supp. at 177 (citing *Ransom*, 437 F.2d at 520). Under Illinois law, a claim for malicious prosecution abates and does not survive a party's death. *Kent*, 9 Ill. App. 3d at 740. "Abatement of the suit or proceeding extinguishes jurisdiction in the court of the subject-matter, and, whether the court enter[s] an order indicating the cause ha[s] abated or not, the cause [has] none the less abated by the death of [the party]." *Taylor*, supra, 342 Ill. at 96. "[S]ince the abatement extinguishes the court's jurisdiction of the subject matter, the only order it can make is one dismissing the action." 1 C.J.S. *Abatement and Revival* § 137 (2023). "It has been held that a cause of action may be abated by the death of a party regardless of whether or not the court enters an order indicating that it has abated; since the abatement extinguishes the court's jurisdiction of the subject matter, the only order it can enter is one dismissing the petition because the action has abated." 1 Ill. Law and Prac. *Abatement* § 8 (2024). Thus, Trustee Olson could not have been substituted as successor plaintiff for the abated malicious prosecution claim, and the Court did not have subject matter jurisdiction to enter such an order under Rule 25(a)(1).

"[I]t has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, to raise *sua sponte* the subject-matter jurisdiction of the court

at any time and at any state of the proceedings." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (quoting *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980)). "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without motion, by any party or by the court itself." *Craig*, 543 F.3d at 875; *see also, Henderson*, 562 U.S. at 434. Subject matter jurisdiction cannot be waived or forfeited. *Gonzalez*, 565 U.S. at 141. "A defendant may waive venue or personal jurisdiction, but subject matter jurisdiction is not waivable." *Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d 650, 655 (N.D. Ill. 2005) (citing *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004)). Consequently, if the court determines at any time that it lacks subject-matter jurisdiction, then it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Defendants' oversight of or failure to raise lack of subject matter jurisdiction as to Plaintiff's Illinois malicious prosecution claim when they did not oppose Plaintiff's Motion to Substitute is immaterial. Amor's malicious prosecution claim did not survive his death, and therefore this Court was deprived of subject matter jurisdiction over the claim and could not substitute another party in place of Amor. Defendants did not waive this argument because, by law, it cannot be waived. Therefore, Plaintiff's malicious prosecution claim must be dismissed.

## CONCLUSION

WHERERFORE, Defendants respectfully request that this Honorable Court dismiss Count VI of Plaintiff's Complaint with prejudice, and grant such other additional relief as this Court deems just and proper.

Dated: April 9, 2024	Respectfully Submitted,

/s/ Laura M. Ranum
LAURA M. RANUM, Attorney No. 6300636
*One of the Attorneys for Defendants*

James G. Sotos
Joseph M. Polick
Laura M. Ranum
Lisa M. Meador
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
lranum@jsotoslaw.com

12

**CERTIFICATE OF SERVICE**

       I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on April 9, 2024, I electronically filed the foregoing **Defendants' Rule 12(C) Motion for Judgment on Plaintiff's Malicious Prosecution Claim (Count VI)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants listed on the below Service List.

***Attorneys for Plaintiff:***
Jon Loevy
Gayle Horn
Locke Bowman
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
gayle@loevy.com
locke@loevy.com

                                                  /s/ Laura M. Ranum
                                                  LAURA M. RANUM, Attorney No. 6300636
                                                  *One of the Attorneys for Defendants*