IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE OLSON, not individually, But as Trustee of the William Amor Trust ) ) ) | | |
| Plaintiff, ) ) | | |
| v. ) ) | Case No. 18-cv-02523 | |
| REBECCA GOMEZ, as Special Representative for Michael Cross, Deceased, et al., ) ) ) ) ) | The Hon. John J. Tharp, Jr. | |
| Defendants. ) | | |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RULE 26(a) DISCLSOURES**

Plaintiff Jeanne Olson, not individually, but as Trustee of the William Amor Trust, respectfully moves this Court for entry of an order granting her leave to supplement her Rule 26(a) disclosures. In support, Plaintiff states:

1. William Amor, the original plaintiff in this case passed away—unexpectedly and after a brief illness—on January 31, 2023. *See* ECF No. 192. Mr. Amor's death leaves Plaintiff with a gap in her ability to inform the jury about the injury Mr. Amor experienced because of his wrongful incarceration, both evidence about the hardships of prison (particularly for the innocent) as well as the challenges of adjustment to the free community after many years of incarceration.

2. Counsel expected that Mr. Amor would testify at the upcoming trial of this case and that his testimony would cover both of those points in detail. Testimony on those subjects is essential if the jury is to understand the magnitude of the injury for which Plaintiff seeks recovery. Because his death was at the time not expected Mr. Amor's deposition on March 5,

2020 included just a few transcript pages of cursory questioning on imprisonment and post-release hardship. Thus, even though portions of Mr. Amor's deposition testimony will be presented as part of Plaintiff's case in chief, the deposition does not adequately present evidence of Mr. Amor's profound injury in the aftermath of Defendants' wrongdoing.

3. Because of this gap, Plaintiff disclosed to the defense last Friday, April 26, the expert report of Alan Beaman, a copy of which is attached as Exhibit A. Like Mr. Amor, Mr. Beaman has personal first-hand knowledge of this subject, having spent many years imprisoned in IDOC while maintaining his innocence.[1] Mr. Beaman, like Mr. Amor, was confined for a period of years at the Stateville Correctional Center (as well as other maximum-security institutions) and then, like Mr. Amor, was transferred to a medium-security institution, where he spent the remainder of his prison time. Also like Mr. Amor, Mr. Beaman spent a period of years in maximum-security protective custody. Mr. Beaman is thus qualified by "experience" to "help the trier of fact to understand" what Mr. Amor experienced during the years of his wrongful imprisonment. *See* Fed. R. Evid. 702.

4. In addition, Plaintiff supplemented the Rule 26(a)(1) disclosure in this case with the names of Angel Gonzales and Plaintiff Jeanne Olson. Both witnesses knew Mr. Amor well in the period from Mr. Amor's release from prison up to his death. Mr. Gonzales shared a close relationship with Mr. Amor because of Mr. Gonzales's own experience of having been

---

[1] Mr. Beaman was charged and convicted for the murder of his former college girlfriend. He was released from prison following an Illinois Supreme Court ruling that the prosecution failed to disclose exculpatory evidence. *See People v. Beaman,* 229 Ill. 2d 56 (2008). Mr. Beaman claimed in a civil suit that he was the victim of malicious prosecution by local police. *See Beaman v. Freesmeyer,* 2021 IL 125617; https://pantagraph.com/news/local/government-politics/normal-oks-5-4m-settlement-with-beaman-over-homicide-investigation/article_468c7dfc-f063-11ee-a46f-5746eaa5a2df.html

2

wrongfully imprisoned and of making the adjustment to the free community. Mr. Gonzales provided Mr. Amor with a place to live for a period of time, gave Mr. Amor part time employment as a mechanic, and supported Mr. Amor emotionally through his transition from prison. Ms. Olson was a friend and support to Mr. Amor in that same period, giving him counsel and advice on financial and other matters and remaining in frequent contact with Mr. Amor.

5. These disclosures, of course, come many months after the deadlines previously established by Court order. However, Rule 37(c) of the Federal Rules of Civil Procedure provides that a witness who was not identified as required by Rule 26(a) may not testify at trial *unless* the failure to make the disclosure "was substantially justified or is harmless." Both apply in this case with respect to the belated disclosure of the expert witness and the two fact "damages" witnesses.

6. *First,* Plaintiff was substantially justified in not disclosing Mr. Beaman, Mr. Gonzales and Ms. Olson on the timeline required by the Court's scheduling order. As long as Mr. Amor was alive and could testify on his own behalf, Plaintiff had no need for a witness like Mr. Beaman who could step in and provide testimony about the prison experience generally and for an innocent person. Nor was there a need for witnesses to describe from firsthand experience Mr. Amor's post-release challenges and difficulties. It was only after Mr. Amor's death, and as counsel began trial preparation following the Court's summary judgment ruling, that it became clear that the expert testimony of Mr. Beaman (or someone like him) and the testimony of Mr. Gonzales and Ms. Olson would be necessary to fairly present Plaintiff's claim for damages.

7. *Second,* the late disclosure of these three witnesses is harmless. The trial of this case is close to 90 days away. There is plenty of time for the defense to depose Mr. Beaman, to seek to bar his testimony (should they choose) and/or to designate a rebuttal expert. Though in

3

fact, it is highly unlikely that defense counsel would see a need for either step. There have been other occasions where attorneys at Loevy + Loevy have designated innocent, formerly incarcerated persons to provide testimony like the testimony Mr. Beaman plans to give in this case. *See, e.g., Gillard v. City of Chicago,* No. 10-cv-07606 (N.D. Ill.) (Plaintiff's Rule 26(a)(2) disclosures and Report of James Kluppelberg, attached hereto as Exhibit B). In *Gillard*, for example, the defense did not move to bar Mr. Kluppelberg or designate a rebuttal expert. The same would be true here. After all, it would be difficult to imagine a witness with appropriate qualifications disputing Mr. Beaman's essential point that prison is unpleasant and dangerous or that Mr. Beaman's qualifications by experience would be subject to challenge. But even if Defendants did choose to challenge Mr. Beaman and/or to identify a rebuttal witness, there is enough time for that process to play out in advance of the trial without prejudice to any party.

8. The calculus is just as easy with respect to Mr. Gonzales and Ms. Olson. Plaintiff's counsel will make both witnesses available for deposition at any time of defense counsel's choosing, which will avoid any surprise or prejudice.

9. The Court would be warranted in allowing the disclosure of these witnesses either upon a finding that their late disclosure is substantially justified or with a finding that the other side would not be harmed if the disclosure were allowed. But both tests are satisfied here, especially with the parties having recently jointly moved for more time to file their *Daubert* motions, if any. Moreover, Plaintiff would suffer significant prejudice if the witnesses were barred, since she has no other way to present evidence that is critical support for her damages. Fairness and equity thus also support allowing the late disclosure of these witnesses.

4

WHEREFORE, this Court should enter an order allowing the late disclosure of Angel Gonzales and Jeanne Olson pursuant to Rule 26(a)(1) and the late disclosure of Alan Beaman as a Rule 26(a)(2)(B) witness in this case.

                                              Respectfully submitted,

                                              **JEANNE OLSON, Not Individually But As Trustee of the William Amor Trust**

                                              By: /s/ Locke E. Bowman
                                                        Attorney for the Trustee

Jon Loevy
Gayle Horn
Locke E. Bowman
Mariah Garcia
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
312 243 5900

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that on April 29, 2024, he caused the foregoing document to be served on all counsel of record by filing the same using the Court's CM/ECF system, which automatically effected service on all counsel of record.

                                                         /s/   Locke E. Bowman