IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE OLSON, not individually, But as Trustee of the William Amor Trust | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-02523 |
| REBECCA GOMEZ, as Special Representative for Michael Cross, Deceased, et al., | ) ) ) ) | The Hon. John J. Tharp, Jr. |
| Defendants. | ) ) | |

**MOTION TO LIMIT THE TESTIMONY OF EXPERT WITNESSES
DR. ZOE ARVANITAKIS, DR. JENNIFER AHMADIAN, AND
<u>NURSE PRACTICIONER EILEEN SCHEDEL</u>**

Plaintiff Jeanne Olson ("Plaintiff") moves pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) to bar the proposed expert testimony of Dr. Zoe Arvanitakis, Dr. Jennifer Ahmadian and Nurse Practitioner Eileen Schedel. In support thereof, Plaintiff states as follows:

**Introduction**

The Defendants have identified three experts to testify about the exact same thing: that prior to his death, Michael Cross was diagnosed with dementia. While Plaintiff does not dispute that Mr. Cross's medical diagnosis is admissible, there is no need to have three experts testify to it. As a result, Plaintiff seeks to bar the use of three experts as cumulative. Additionally, to the extent that these experts are going to testify that Mr. Cross testified a particular way either at Bill Amor's criminal retrial or in Mr. Cross's deposition because of Mr. Cross's dementia—*e.g.*, he

could not remember certain events—Plaintiff seeks to bar that testimony as an inadmissible attempt to opine on Mr. Cross's credibility.

## Relevant Opinions

In their Rule 26(a)(2) disclosures, the Defendants identified three medical experts to opine on Mr. Cross's dementia—Dr. Zoe Arvanitakis, Dr. Jennifer Ahmadian and Nurse Practitioner Eileen Schedel. Ex. 1 (Defs. Rule 26(a)(2) Discl.). Dr. Arvanitakis is a retained expert, who has provided a report indicating that as of June 21, 2021, Mr. Cross had mild dementia, most likely attributable to vascular and Alzheimer's disease, which was worsening. Ex. 2 (Arvanitakis Report) at 2. (Mr. Cross passed away on September 22, 2022.) Dr. Ahmadian and Ms. Schedel are non-retained experts who, according to the Defendants' disclosure, will testify to their "neurological examination[s], diagnos[e]s, and treatment of defendant Michael Cross , and [their] reports prepared regarding same . . . ." Ex. 1 (Defs. Rule 26(a)(2) Discl.) at 4.

## Standard

"[A]ll witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)," a disclosure which "should be in writing, signed by counsel, and served to opposing counsel." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004). Additionally, a witness who is "'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." *Id.* at 756-57. Under Federal Rule of Civil Procedure 26(a)(2)(C) the disclosure for a non-retained expert "must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

2

I. **The Defendants' Disclosures for Dr. Ahmadian and Ms. Schedel are Deficient**

As an initial matter, the Defendants' disclosures for their non-retained medical experts—Dr. Ahmadian and Ms. Schedel—are deficient. Rule 26(a)(2)(C)(ii) requires that the disclosure of a non-retained expert include "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). While "summaries do not have to be nearly as detailed as (a)(2)(B) retained expert reports . . . summaries still must, not surprisingly, summarize the 'facts and opinions to which the witness is expected to testify.'" *Browar v. Unum Life Ins. Co. of Am.*, No. 17 C 03643, 2018 WL 11184648, at *3 (N.D. Ill. Dec. 12, 2018) (quoting Rule 26(a)(2)(C)). That requirement "is not satisfied by a mere statement of the topics of the opinions" or by the "amorphous characterization—'consistent with their deposition testimony' . . . ." *Rivera v. AllState Ins. Co.*, 140 F. Supp. 3d 722, 737 (N.D. Ill. 2015) (internal quotations omitted); *Martinez v. Garcia*, No. 08 C 2601, 2012 WL 12878716, at *1 (N.D. Ill. Nov. 5, 2012).

Here, the Defendants have not identified any facts that either Dr. Ahmadian or Ms. Schedel will testify about. To the contrary, they have simply listed topics—their "neurological examination[s], diagnos[e]s, and treatment of defendant" and attendant "reports." Ex. 1 (Defs. Rule 26(a)(2) Discl.) at 4. Courts have routinely held that identifying "topics" without the attendant facts or opinions is insufficient under the Rules. *Rivera*, 140 F. Supp. 3d at 737; *Martinez*, 2012 WL 12878716, at *1. For that reason alone, Dr. Ahmadian and Ms. Schedel should be barred.

II. **The Defendants Cannot Call Three Witnesses to Testify About the Same Thing**

Alternatively, even if this Court finds that the Defendants' disclosures were sufficient—which they are not—the Defendants should be precluded from calling three experts to testify to

3

the same thing. Federal Rule of Evidence ("Rule") 403 "applies to expert testimony just as it applies to any other evidence." *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordination Pretrial Proc.*, No. 14 C 1748, 2018 WL 1316724, at *2 (N.D. Ill. March 14, 2018). "In keeping with this rule, 'this district generally prohibits a party from offering multiple experts to express the same opinions on a subject.'" *Kaepplinger v. Michelotti*, No. 17 C 5847, 2022 WL 267886, at *4 (N.D. Ill. Jan. 28, 2022) (quoting *Sunstar, Inc. v. Alberto-Culver Co.*, No. 01 C 736, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004)). "Multiple expert witnesses expressing the same opinions on a subject is a waste of time and needlessly cumulative. It also raises the unfair possibility that jurors will resolve competing expert testimony by 'counting heads' rather than evaluating the quality and credibility of the testimony." *Sunstar, Inc.*, 2004 WL 1899927, at *25.

For these reasons, Plaintiff seeks to bar Drs. Arvanitakis and Ahmadian and Ms. Schedel from all testifying: Doing so would not only be "a waste of time and needlessly cumulative" but also highly prejudicial to Plaintiff. *Id*. The Defendants should be forced to pick one of three medical experts to testify that Mr. Cross had dementia at the time he testified at Mr. Amor's criminal retrial and in his deposition.

### III. The Medical Experts Cannot Opine on Mr. Cross's Credibility

Finally, any expert called to testify about Mr. Cross's dementia should be barred from opining that his dementia was the cause of testimony that Mr. Cross gave. For example, the medical experts cannot testify that Mr. Cross's inability to remember certain events that occurred in 1995 at Mr. Amor's criminal retrial in 2018, or at Mr. Cross's deposition in 2020, was the result of his dementia—as opposed to simply the passage of time. Were they permitted to do so, the experts would impermissibly be testifying about the credibility of Mr. Cross. *Goodwin v.*

4

*MTD Prod., Inc.*, 232 F.3d 600, 609 (7th Cir. 2000) ("[A]n expert cannot testify as to credibility issues. Rather, credibility questions are within the province of the trier of fact.").

### Conclusion

For all of the reasons stated above, the Defendants should not be allowed to call three experts to testify about Mr. Cross's medical condition. Moreover, if permitted, the expert should be barred from opining that the dementia caused Mr. Cross to testify in a particular manner (as opposed to any number of other reasons). The jury can make that determination for itself.

WHEREFORE Plaintiff respectfully requests that this Court limit the testimony of Dr. Zoe Arvanitakis, Dr. Jennifer Ahmadian and Nurse Practitioner Eileen Schedel as stated above.

Respectfully submitted,

**JEANNE OLSON, Not Individually But As Trustee of the William Amor Trust**

By:    /s/ Gayle Horn
        Attorney for the Trustee

Jon Loevy
Gayle Horn
Locke E. Bowman
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
312 243 5900

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on May 17, 2024, he caused the foregoing document to be served on all counsel of record by filing the same using the Court's CM/ECF system, which automatically effected service on all counsel of record.

   /s/ Gayle Horn