IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE OLSON, not individually, But as Trustee of the William Amor Trust | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-02523 |
| REBECCA GOMEZ, as Special Representative for Michael Cross, Deceased, et al., | ) ) ) ) | The Hon. John J. Tharp, Jr. |
| Defendants. | ) ) | |

**MOTION TO BAR OR LIMIT THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRIAN NIGOHOSIAN**

Plaintiff Jeanne Olson ("Plaintiff") moves pursuant to Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) to bar the proposed expert testimony of Brian Nigohosian. In support thereof, Plaintiff states as follows:

**Introduction**

The Defendants have disclosed a former prosecutor, Brian Nigohosian, as a non-retained expert witness in this case. Ex. 1 (Defs. 26(a)(2) Discl.). Mr. Nigohosian was the Assistant State's Attorney ("ASA") who conducted the felony review at the time of Bill Amor's arrest, took Mr. Amor's 5:10 a.m. statement, and approved the charges against him. While Mr. Nigohosian is a fact witnesses who can testify about the steps he took to prosecute Mr. Amor, he cannot testify about the expert matters identified in Defendants' disclosures. That is for two reasons. First, the Defendants failed to properly disclose him under Federal Rule of Civil Procedure ("Rule") 26(a)(2)(C). Second, the topics that the Defendants identified are not topics

for expert testimony: they are either purely fact issues (Mr. Nigohosian's observations and interactions with Mr. Amor on October 4, 1995) or legal conclusions (the existence of probable cause).

## Background

The Defendants have identified Brian Nigohosian as a non-retained expert under Rule 26(a)(2)(C). Ex. 1 (Defs. 26(a)(2) Discl.). The Defendants' disclosure states that:

> Mr. Nigohosian is an attorney and former DuPage County assistant state's attorney who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his deposition in this case and with his prior testimony in Plaintiff's underlying criminal proceedings, including but not limited to his interaction with William Amor on October 4, 1995, the oral and audiotaped statements he took from Mr. Amor on October 4, 1995, and whether probable cause existed for arresting and approving charges against Mr. Amor for murder and arson in connection with the death of Marianne Miceli at 218 E. Bailey, Apt. M, Naperville, Illinois, on September 10, 1995.

*Id.* at 2.

This disclosure is not only inadequate to put Plaintiff on notice of what expert testimony the Defendants seek to elicit, but also, more importantly, includes testimony on legal questions that fall outside *Daubert*'s scope and are otherwise improper subjects for trial.

## Standard

"[A]ll witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)," a disclosure which "should be in writing, signed by counsel, and served to opposing counsel." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004). Additionally, a witness who is "'retained or specially employed to provide expert testimony' must submit an expert report complying with Rule 26(a)(2)(B)." *Id.* at 756-57. Under Federal Rule of Civil Procedure 26(a)(2)(C) the disclosure for a non-retained expert "must state: (i) the subject matter on which the witness is expected to present evidence under Federal

Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

## Argument

I. **The Defendants' Disclosure of Mr. Nigohosian is Insufficient**

To start, Mr. Nigohosian should be precluded from opining as an expert in this litigation because the Defendants' Rule 26(a)(2) disclosures are inadequate and legally insufficient. Rule 26(a)(2)(C)(ii) requires that the disclosure of a non-retained expert include "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). While "summaries do not have to be nearly as detailed as (a)(2)(B) retained expert reports . . . summaries still must, not surprisingly, summarize the 'facts and opinions to which the witness is expected to testify.'" *Browar v. Unum Life Ins. Co. of Am.*, No. 17 C 03643, 2018 WL 11184648, at *3 (N.D. Ill. Dec. 12, 2018) (quoting Rule 26(a)(2)(C)). That requirement "is not satisfied by a mere statement of the topics of the opinions" or by the "amorphous characterization—'consistent with their deposition testimony' . . . ." *Rivera v. AllState Ins. Co.*, 140 F. Supp. 3d 722, 737 (N.D. Ill. 2015) (internal quotations omitted); *Martinez v. Garcia*, No. 08 C 2601, 2012 WL 12878716, at *1 (N.D. Ill. Nov. 5, 2012).

On that score, *Martinez v. Garcia*, 2012 WL 12878716 (N.D. Ill. Nov. 5, 2012) is instructive. In that case, two medical treater-defendants disclosed themselves as experts "to provide opinions regarding their own medical care and that what they did was reasonable and appropriate." *Id*. at *1. The disclosure further indicated that the two would provide testimony "consistent with their deposition testimony." *Id*. *Martinez* found that disclosure "totally unsatisfactory." *Id*. at *2. "It defeats the entire purpose of witness disclosure" as it "require[s] an adversary to engage in guesswork rather than particularizing the witness' proposed testimony."

3

*Id.* As a result of the failure to comply with Rule 26, *Martinez* barred the two medical treater-defendants from testifying as experts, but they could of course testify as occurrence witnesses. *Id.*

The same result should obtain here. Indeed, in their disclosure, the Defendants use the same language that *Martinez* found "totally unsatisfactory"—that the testimony will be "consistent with [his] deposition" *Id.* Mr. Nigohosian not only gave a deposition in this case, but also testified at Mr. Amor's motion to suppress, and at both of his criminal trials. The Defendants' failure to specify the "facts and opinions" in that testimony, which they seek to elicit is fatal.

Nor are the topics that the Defendants list any more illuminating or satisfactory under Rule 26. *See Rivera*, 140 F. Supp. 3d at 727. For example, it is unclear what expert testimony Mr. Nigohosian could offer about "his interaction with William Amor on October 4, 1995." Ex. 1 (Defs. 26(a)(2) Discl.) at 2. To be sure, Plaintiff does not dispute that Mr. Nigohosian can testify as a fact witness on that score, but it is unclear (at best) what expert testimony he intends to offer on that or any other topic. And simply stating that "topic" without more does not fulfill the requirements of Rule 26.[1] For these reasons, just as was true in *Martinez*, Mr. Nigohosian should be barred as an expert. *Martinez*, 2012 WL 12878716, at *2.

## II.     Mr. Nigohosian Cannot Opine on Probable Cause

Even if the Defendants had properly disclosed Mr. Nigohosian, he still cannot testify as a non-retained expert because the topics that the Defendants identified are either not topics of expert discovery or are legal conclusions.

---

[1] The only fact in Mr. Nigohosian's disclosure is that he is a current attorney and former ASA in DuPage County; there is nothing identifying, let alone describing "the facts to which [Mr. Nigohosian] is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii).

The Defendants identified three topics in their disclosures: (1) Mr. Nigohosian's "interaction with William Amor on October 4, 1995,"[2] (2) "the oral and audiotaped statements he took from Mr. Amor on October 4, 1995," and (3) "whether probable cause existed for arresting and approving charges against Mr. Amor for murder and arson . . . ." Ex. 1 (Defs. 26(a)(2) Discl.) at 2. The first two topics can be disposed of quickly: Mr. Nigohosian is a fact witness who interrogated Mr. Amor on October 4, 1995 and took an audio-recorded statement from him. As such, testimony about Mr. Nigohosian's "interaction" with Mr. Amor and Mr. Amor's statement are subjects for fact—not expert—testimony. Indeed, the Defendants have not suggested any way in which these matters fall into the expert box.[3]

As to the third topic—the existence of probable cause—"[a]s a general rule, an expert cannot offer legal opinions or conclusions." *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2016 WL 1730608, at *7 (citing to *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7thCir. 2013)). "Expert testimony as to legal conclusions that will determine the outcome of the case is

---

[2] To the extent that this disclosure is intended to alert Plaintiff to Mr. Nigohosian's deposition testimony in which Mr. Nigohosian speculated that Mr. Amor was not traumatized by being served with divorce papers, was minimizing in his confession and/or that Mr. Amor's confession is partly true, the disclosure is not only woefully deficient, but also Mr. Nigohosian does not remotely have the expertise to weigh in on these matters. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (expert testimony based on practical experience requires "extensive and specialized experience"); *Gayton v. McCoy*, 593 F.3d 610, 617 (7th Cir. 2010) ("The focus is not on whether the 'expert' is qualified in general, but whether his or her qualifications provide a foundation for (him or her) to answer a specific question."); *Harris v. City of Chicago*, No. 14 C 4391, 2017 WL 3193585 at *4 (N.D. Ill. July 27, 2017) (limiting police practices expert's testimony where expert's field "is police practices, not the complex social science of false confessions and coercive interrogations"). Nor would they be the proper subject for expert testimony. Mr. Nigohosian cannot opine on how Mr. Amor felt nor can he opine on whether Mr. Amor's confession is true or not. That is the province of the jury. *Todero v. Blackwell*, No. 117CV01698JPHMJD, 2020 WL 5542440, at *3 (S.D. Ind. Sept. 16, 2020) (expert "may not attempt to resolve factual disputes for the jury"); *United States v. Brown*, 871 F.3d 532, 539 (7th Cir. 2017) (Federal rules "prohibit expert opinions that would 'merely tell the jury what result to reach.'").
[3] Moreover, Mr. Nigohosian admitted that in his career as a prosecutor he took less than five confessions from suspects. Ex. 2 (Nigohosian Dep.) at 65:13-16. As such, he does not have the expertise regardless to testify about taking confessions and a suspect's reaction(s) to interrogations and confessions. *See Gayton*, 592 F.3d at 617-18; *Harris*, 2017 WL 3193585, at *4.

inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003). Instead, experts are "limited to describing sound professional standards and identifying departures from them." *Jimenez*, 732 F.3d at 721.

As applied to this case, that means that Mr. Nigohosian cannot testify that there was probable cause to arrest Plaintiff or to continue his prosecution, as the Defendants Rule 26(a)(2) disclosures suggest. Ex. 1 (Defs. 26(a)(2) Disc.) at 2. That opinion is a "legal conclusion" and one that would be outcome determinative of Plaintiff's malicious prosecution claim. *See* Doc. 209 at 32-37 (and cases cited therein); *see also Kuri v. City of Chicago*, No. 13 C 1653, 2017 WL 4882338, at *7 (N.D. Ill. Oct. 30, 2017); *Blocker v. City of Chicago*, No. 17 CV 00055, 2017 WL 3278323, at *4 (N.D. Ill. Aug. 2, 2017).

Moreover, Mr. Nigohosian did not talk about professional standards for probable cause, or deviations therefrom, in his deposition. As a result, there is no testimony about "probable cause" that is "consistent with [his] deposition" and disclosed in this case. Ex. 1 (Defs. 26(a)(2) Discl.) at 3-4. Mr. Nigohosian should be limited to being an occurrence witness. The question of whether there was or was not probable cause is for the jury.

**Conclusion**

For all the reasons stated above, Mr. Nigohosian should be barred from testifying as an expert.

WHEREFORE Plaintiff respectfully requests that this Court bar Mr. Nigohosian from testifying as an expert.

>Respectfully submitted,
>
>**JEANNE OLSON, Not Individually But
>As Trustee of the William Amor Trust**
>
>By:    /s/   Gayle Horn
>      Attorney for the Trustee

Jon Loevy
Gayle Horn
Locke E. Bowman
LOEVY & LOEVY
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
312 243 5900

## CERTIFICATE OF SERVICE

    The undersigned, an attorney, certifies that on May 17, 2024, he caused the foregoing document to be served on all counsel of record by filing the same using the Court's CM/ECF system, which automatically effected service on all counsel of record.

>   /s/   Gayle Horn