## IN THE UNITED STATES DISTRICT COURT FOR THE
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. AMOR, ) | |
| ) | 18-CV-02523 |
| Plaintiff, ) | |
| ) | Honorable Judge John Z. Lee |
| v. ) | |
| ) | |
| NAPERVILLE POLICE OFFICERS ) | |
| MICHAEL CROSS; ROBERT GUERRERI; ) | |
| THE ESTATE OF MARK CARLSON; ) | |
| BRIAN CUNNINGHAM; JON LIPSKY; ) | |
| OTHER UNIDENTIFIED NAPERVILLE POLICE ) | |
| OFFICERS; and THE CITY OF NAPERVILLE, ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## **DEFENDANTS' RULE 26(a)(2) EXPERT DISCLOSURES**

Defendants Michael Cross, Robert Guerrieri, Brian Cunningham, Jon Ripsky, and the City of Naperville, by and through their attorneys, The Sotos Law Firm, P.C., and pursuant to FED.R.CIV.P. 26(a)(2) disclose the following witnesses who may be called at trial to present expert testimony under FED.R.EVID. 702, 703 or 705:

**Retained Experts Designated Under Rule 26(a)(2)(B)**:

1.  David J. Icove, Ph.D., P.E.
    Icove & Associates, LLC
    P.O. Box 1348
    Knoxville, TN 37901-1348
    See attached expert report, Bates-stamped as ICOVE 01-116

2.  Michael Welner, M.D.
    The Forensic Panel
    224 W. 30th Street, Suite 806
    New York, NY 10001
    See attached expert report
    Dr. Welner may use any of the documents pertaining to the case which he reviewed and considered to explain his opinions.
    Dr. Welner's rate of compensation for non-testimonial services is $625/hour.

EXHIBIT 4

3. John R. "Rick" Brown
   Transparency Matters, LLC
   P.O. Box 6598
   Harrisburg, PA 17112-0598
   See attached expert report, Bates-stamped as BROWN 01-41

4. Zoe Arvanitakis, M.D., M.S., F.A.A.N, F.A.N.A
   Rush University Medical Center
   Department of Neurological Sciences
   1725 W. Harrison Street
   Chicago, IL 60612
   See attached expert report, Bates-stamped as ARVANITAKIS 01-54

**Other (Non-Retained) Witnesses Designated Under Rule 26(a)(2)(C):**

1. **Brian Nigohosian**, 2150 Manchester Rd., Suite 200, Wheaton, IL 60187.

   Mr. Nigohosian is an attorney and former DuPage County assistant state's attorney who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his deposition in this case and with his prior testimony in Plaintiff's underlying criminal proceedings, including but not limited to his interaction with William Amor on October 4, 1995, the oral and audiotaped statements he took from Mr. Amor on October 4, 1995, and whether probable cause existed for arresting and approving charges against Mr. Amor for murder and arson in connection with the death of Marianne Miceli at 218 E. Bailey, Apt. M, Naperville, Illinois, on September 10, 1995.

2. **David Ferreri**, Naperville, IL (may be contacted through defense counsel)

   Mr. Ferreri, now retired, was a Naperville Fire Department lieutenant and member of its Fire Investigation Team at the time of the fire at 218 E. Bailey, Naperville, Illinois, on September 10, 1995. Mr. Ferreri may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his deposition in this case and with his prior testimony in Plaintiff's underlying criminal proceedings and coroner's inquest, including but not limited to his inspection and analysis of the fire scene, his interviews of William Amor and Tina Miceli at the apartment complex the night of the fire including their demeanor, his subsequent interview of Mr. Amor on September 14, 1995, at the Excel Inn Motel and Mr. Amor's demeanor, and his opinions and conclusions regarding the origin and cause of the fire. His qualifications are set forth in his deposition testimony and curriculum vitae marked as an exhibit to his deposition.

   It is expected Mr. Ferreri will testify to his opinion to a reasonable degree of scientific certainty that the fire origin was in the area of the swivel chair in the southwest corner of the living room, and that the cause of the fire was initially suspicious in nature but considered undetermined and then found to be incendiary based on Mr. Amor's confession. His opinions and conclusions on the origin and cause of the fire are based on his training and experience in the field and all information learned during the investigation, including without limitation, his

inspection and investigation of the fire scene and all rooms in the apartment, the soot and smoke damage, the fire damage in the living room and its contents and structures, lab reports, a V-pattern on the wall in the southwest section of the living room, Mr. Amor's confession regarding the ignition scenario and the area of the living room in which he was located. Although he had reservations about a lit cigarette igniting vodka, Mr. Ferreri opines that Mr. Amor's ignition scenario was plausible because a lit cigarette on newspaper can start a fire, newspaper is a good fuel source for fire, the Sunday Chicago Tribune in 1995 was a sufficient amount of newspaper, and Mr. Amor's scenario matched the area of origin determined by the Fire Investigation Team which was significant because Mr. Amor had never been back in the apartment after the fire.

3.  **Mitchell Kushner**, Illinois Office of the State Fire Marshal, 1035 Adlai Stevenson Dr., Springfield, IL 62703

Mitchell Kushner has been employed by the Office of the State Fire Marshall (OSFM) since 1992 and was the OSFM agent who inspected the fire scene at 218 E. Bailey, Naperville, Illinois on September 14, 1995, at the request of Lt. Ferreri of the NFD. His qualifications include certification as a firefighter, fire investigator, arson investigator, peace officer, accelerant detecting canine handler, and fire inspector as testified to at his deposition. Agent Kushner may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his deposition in this case and with his prior testimony in Plaintiff's underlying criminal proceedings, including but not limited to his systematic, room-by-room inspection and analysis of the fire scene, his opinions and conclusions regarding the origin and cause of the fire, and his report of September 19, 1995.

It is expected Agent Kushner will testify to his opinion to a reasonable degree of scientific certainty that the area of fire origin was the southwest corner of the living room where the consumed swivel chair was located, and that the cause of the fire was incendiary and caused by use of an open flame to available combustibles (the swivel chair) and that vodka was not the first material ignited. His opinions and conclusions on the origin and cause of the fire are based on his training and experience in the field, his inspection of all rooms in the apartment, his examination of the soot and smoke damage, the fire damage in the living room and its contents and structures, including the balcony doors having more damage toward the south and west than to the north and west, the remains of a swivel chair consumed by the fire, and a V-pattern on the wall in the southwest section of the living room indicating an upward and outward expansion of the fire indicating this was the area of origin, the couch having more damage at its west than east side indicating the fire moved west to east, a fire damaged upholstered chair to the east of the couch that based on the damage observed indicated the fire was not coming from the chair but rather was attacked by fire from the south, west, and top. Agent Kushner's opinions and conclusions are also based on ruling out the fire origin on the north wall and in the northwest corner the living room where the TV/VCR console had been based on his examination of the fire damage to the TV/VCR which was from the ceiling down rather than from the bottom up, and he

learned an electrical cause of the fire was ruled out by Kragh Engineering. He also noted the lack of a smoke detector in the apartment and he listened to Marianne Miceli's 911 call.

4.  **Nicholas F. O'Riordan, Ph.D.**, 1705 Sierra Highlands Ct., Plainfield, IL 60586

    Dr. O'Riordan is a licensed clinical psychologist who practices in Illinois and Indiana and was a full-time contract psychologist at the DuPage County Jail in 1995. He may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his deposition in this case, including but not limited to his psychological interview and assessment of William Amor on October 4, 1995, at the DuPage County Jail based on his report of same dated October 4, 1995 [SDT-DCJ 85]. His qualifications are set forth in his deposition testimony and curriculum vitae marked as an exhibit to his deposition.

5.  **Michael Masokas**, John Reid & Associates, 209 W. Jackson Blvd., #400, Chicago, IL 60606

    Mr. Masokas is a polygraph examiner and employee of John Reid and Associates, Chicago, Illinois, who may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with his deposition in this case, his prior testimony in Plaintiff's underlying criminal proceedings, and his report dated October 20, 1995. Mr. Masokas' qualifications are set forth in his deposition testimony. It is expected his testimony will include but not be limited to: the circumstances surrounding the non-custodial polygraph examination administered to William Amor on October 3, 1995 at John Reid & Associates, Chicago, Illinois; Mr. Amor's appearance and demeanor before, during and after the polygraph examination; the protocol for conducting the polygraph examination; the pre-examination procedures and medical screening conducted with Mr. Amor; the measurements of respiration, blood pressure and galvanic skin response monitored during the examination; the methodology of interpreting and scoring the results of the polygraph examination administered to Mr. Amor; the results of the polygraph examination administered to Mr. Amor; and, his post-examination voluntary interview with Mr. Amor.

6.  **Jennifer L. Ahmadian, M.D.**, DuPage Medical Group – Springbrook Square, 1964 Springbrook Square Drive, Suite 108B, Naperville, IL

    Dr. Ahmadian may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 regarding her neurological examination, diagnosis, and treatment of defendant Michael Cross, and her reports prepared regarding same. Dr. Ahmadian will testify to her findings and conclusions based on a reasonable degree of medical certainty.

7.  **Eileen Schedel, N.P.**, DuPage Medical Group – Springbrook Square, 1964 Springbrook Square Drive, Suite 108B, Naperville, IL

    Ms. Schedel may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 regarding her neurological examination, diagnosis, and treatment of defendant Michael Cross, and her reports prepared regarding same. Ms. Schedel will testify to her findings and conclusions based on a reasonable degree of medical certainty.

8. **Shaku Teas, M.D.**, 1123 Ashland Ave., River Forest, IL  60305

     Dr. Teas is the forensic pathologist who performed the post-mortem examination of Marianne Miceli on September 11, 1995.  She is board certified in anatomic, clinical, and forensic pathology.  Dr. Teas may be called to present evidence at trial under Federal Rules of Evidence 702, 703, or 705 consistent with her autopsy report and testimony in Plaintiff's underlying criminal proceedings regarding her post-mortem examination and toxicology analysis of Ms. Miceli.  She will give opinions to a reasonable degree of medical and scientific certainty regarding her post-mortem examination and the bases for those opinions.  It is expected that Dr. Teas will testify to burns sustained to Ms. Miceli's body, the level of saturation of carbon monoxide in Ms. Miceli's blood, and that the cause of Ms. Miceli's death was carbon monoxide intoxication due to the inhalation of smoke and soot during a house fire.  Her findings, conclusions, opinions, and bases therefore are based on her training and experience as a forensic pathologist; her report and notes made as a result of the post-mortem examination; and the photographs, toxicological analysis, and blood and bodily fluid samples taken in connection with the post-mortem examination.

Dated:  June 18, 2021                               Respectfully submitted,

                                                        /s/ Joseph M. Polick
                                                        JOSEPH M. POLICK, Attorney No. 6203682
                                                        *One of the Attorneys for Defendants*

James G. Sotos
Joseph M. Polick
Laura M. Ranum
Lisa M. Meador
Carson W. Canonie
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
Tel: (630) 735-3300
jpolick@jsotoslaw.com

## CERTIFICATE OF SERVICE

I, Valerie Stubbe, a non-attorney, hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on **June 18, 2021**, I served **Defendants' Rule 26(a)(2) Expert Disclosures** via electronic mail to the persons listed below:

***Attorneys for Plaintiff*:**
Jon Loevy
Mariah Garcia
Gayle Horn
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
mariah@loevy.com
gayle@loevy.com

                                              /s/ Valerie Stubbe
                                              Valerie Stubbe, Paralegal