*Amor v. Cross, et al.*
Case No. 18-CV-2523
Our File No. 18-4078

# EXHIBIT E

②

1

```
STATE OF ILLINOIS    )
                     ) SS:
COUNTY OF DU PAGE    )
```

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT
DU PAGE COUNTY, ILLINOIS

```
THE PEOPLE OF THE       )
STATE OF ILLINOIS,      )        ORIGINAL
                        )
     Plaintiff,         )
                        )
       -vs-             )  No. 95 CF 2075
                        )
WILLIAM E. AMOR,        )
                        )
     Defendant.         )
```

MORNING SESSION OF THE REPORT OF PROCEEDINGS had at the hearing of the above-entitled cause, before the **HONORABLE LIAM C. BRENNAN**, Judge of said court, on the 13th day of December, 2016.

PRESENT:

    ROBERT B. BERLIN,
    State's Attorney of DuPage County, by:
        MR. MICHAEL P. PAWL and
        MS. LISA HOFFMAN,
    Assistant State's Attorneys,

        appeared on behalf of The People of the
        State of Illinois;

    MS. ERICA NICHOLS COOK,
    Ms. TARA THOMPSON and
    MS. LAUREN KAESEBERG,

        appeared on behalf of the Defendant.

Lidia T. Stefani, Official Court Reporter - License No. 084-002300

```
1       Q.   And in this case you have evidence of a
2  fire system smoke detector being manipulated, at the
3  very least, by this defendant, right?
4       A.   I'm not sure what you mean by
5  "manipulated."
6       Q.   He took down the fire detector and didn't
7  put it back.
8       A.   Okay.
9       Q.   And we thought that that could be sabotage,
10 right?
11      A.   Possibly.
12      Q.   And preplanning is always something you can
13 consider, right, in preplanning a fire?
14      A.   Only with evidence.
15      Q.   But it's a factor, data?
16      A.   It can be an indication, yes.
17      Q.   Were you aware of any preplanning on the
18 part of this defendant in this case?
19      A.   Evidence of such?
20      Q.   Yes.
21      A.   Not that I sit here today.
22      Q.   Okay.  Would you agree with this statement,
23 without evidence of an incendiary fire, such a fire
24 must be labeled accidental?
```

Lidia T. Stefani, CSR No. 084-002300

```
 1        A.    Say that again.
 2        Q.    Without evidence of an incendiary fire,
 3   such a fire must be labeled as accidental.
 4        A.    Yes, I've held that opinion before.
 5        Q.    Do you hold that opinion right now?
 6        A.    In general terms, yes, as a cause
 7   qualification.
 8        Q.    So without evidence of incendiary -- for
 9   instance, you don't think this fire is incendiary?
10        A.    No.
11        Q.    So you must, under your opinion, classify
12   it as accidental; you must do that?
13        A.    That's my opinion, yes.
14        Q.    Right.  You can't find it undetermined in
15   your opinion?
16        A.    Right.  I think it's either or.
17        Q.    So the classification of undetermined you
18   reject?
19        A.    In terms of a classification, I think it's
20   meaningless, yes.  But that's my own personal
21   opinion.  I would say 921 does not adhere to that,
22   but I disagree with that.
23        Q.    You disagree with 921?
24        A.    On that particular issue.
```

Lidia T. Stefani, CSR No. 084-002300

SDT-SAO 16129

1   Q. Right. So in this -- you had to find
2   accidental, then, in this case?
3   A. Had to find it?
4   Q. Well, yes.
5   A. It's an inherent -- well, until I find
6   evidence of an incendiary fire.
7   Q. Yes.
8   A. So, again, you have to have evidence to
9   formulate that hypothesis. If you have evidence of a
10  fire and you know nothing else, you can classify it
11  as an accidental fire until and such point you find
12  evidence of an incendiary fire.
13  Q. So you have incendiary or you have
14  accidental in your mind, right?
15  A. For the classification, that's correct.
16  Q. And you have eliminated incendiary?
17  A. I never found evidence of it. I don't
18  eliminate something that I don't rule in with
19  evidence.
20  Q. It's your opinion there's not one shred --
21  I'll get to that. Let's talk about -- I'm close to
22  wrapping up, I think.
23      I want to talk about your models, if you
24  don't mind. I want to go to your -- I know you have