IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNE OLSON, Trustee of the ) <br> WILLIAM AMOR Trust, as successor plaintiff, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> REBECCA GOMEZ, as Special Representative ) <br> for Michael Cross, deceased, et al., ) <br>  ) <br> Defendants. ) | Case No. 18 CV 2523 <br><br> Honorable John J. Tharp, Jr. |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO BAR OR LIMIT THE TESTIMONY OF DEFENDANTS' EXPERT WITNESS BRIAN NIGOHOSIAN

Defendants, by and through their attorneys, The Sotos Law Firm, P.C., in response to Plaintiff's Motion to Bar or Limit the Testimony of Defendants' Expert Witness Brian Nigohosian ("Motion"), state as follows:

#### BACKGROUND

Brian Nigohosian is the former DuPage County Assistant State's Attorney ("ASA") who, as part of the State's Attorney's felony review unit, interviewed Amor on October 4, 1995, evaluated the evidence compiled during the underlying investigation, and decided to file criminal charges against Amor. Defendants disclosed Nigohosian as a witness relative to that role and that determination. (Ex. 1, Defendants' Mandatory Initial Disclosure ("MIDP"), pp. 5-6.)

Plaintiff deposed Nigohosian on August 7, 2019 regarding his role in felony review, his experience interviewing suspects, the interviews of Amor conducted by him and Naperville police, his impressions of and decisions he made related to those interviews, the process and standard for determining whether felony charges are warranted, his analysis of the evidence in

that process, and his decision that felony charges for aggravated arson and first degree murder were warranted under the governing standard. (Ex. 2, Nigohosian Dep. pp. 6:1-8:1, 8:16-9:4, 9:17-22, 17:13-19:19, 21:17-39:1, 39:16-41:21; 42:9-43:11, 44:4-51:14; 61:8-62:5, 66:4-67:9, 69:7-71:16, 74:9-76:24, 77:11-79:9, 79:23-87:19, 88:13-15, 89:9-93:20, 104:16-105:14, 106:6-107:12, 108:10-17, 110:4-23, 111:14-113:3, 121:17-122:6, 122:19-125:11, 127:7-17.)

Following his deposition, Defendants disclosed Nigohosian as a non-retained expert pursuant to Fed.R.Civ.P. 26(a)(2)(C) on June 18, 2021 to testify "consistent with his deposition in this case and with his prior testimony in Plaintiff's underlying criminal proceedings, including but not limited to his interaction with William Amor on October 4, 1995, the oral and audiotaped statements he took from Mr. Amor on October 4, 1995, ***and whether probable cause existed for arresting and approving charges against Mr. Amor for murder and arson***…." (Ex. 3, Defendants' Rule 26(a)(2) Expert Disclosures, p. 2.) (emphasis added.)

## ARGUMENT

**I.    As the felony review ASA, Nigohosian can opine on his perception that probable cause was present to criminally charge Amor**

Plaintiff acknowledges that Nigohosian's testimony about all of his interactions with Amor and the oral and recorded statements he took from Amor on October 4, 1995 is admissible fact testimony (Motion, pp. 1, 4, 5).

The only dispute is whether Nigohosian can testify to his determination that probable cause was present to charge Amor. Plaintiff contends this is an impermissible legal conclusion on the ultimate issue on Plaintiff's malicious prosecution claim that only the jury can make. (Motion, pp. 4-6). (Dkt. 231.)[1] This contention is fundamentally flawed on several levels.

---

[1] Whether probable cause will be an ultimate issue at trial will depend on the Court's resolution of Defendants' pending Rule 12(c) motion to dismiss the malicious prosecution claim. (Dkt. 211.)

Initially, Plaintiff cites no authority that even arguably supports the exclusion of a prosecutor's decision as to why he decided to charge a suspect in a reversed conviction lawsuit, whether it be in connection with a malicious prosecution claim or a coerced confession claim. Neither *Kuri v. City of Chicago*, No. 13 C 1653, 2017 WL 4882338, at *7 (N.D. Ill. Oct. 30, 2017) nor *Blocker v. City of Chicago*, No. 17 CV 00055, 2017 WL 3278323, at *4 (N.D. Ill. Aug. 2, 2017) (*see* Motion, p. 6) even involve experts and both cases merely stand for the unremarkable position that probable cause is an element of a malicious prosecution claim.

*Sanders v. City of Chicago Heights*, No. 13 C 0221, 2016 WL 1730608, at *7 (N.D. Ill. 2016) and *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013) (*see* Motion, p. 5-6) are also of no use. Though those cases at least involved experts, neither case addressed whether a felony review assistant who made a charging decision could be prohibited from testifying to his reason for doing so. Indeed, *Saunders* considered whether a retained expert, who was uninvolved in the underlying incident, could opine that certain officials were "deliberately indifferent." *Sanders*, 2016 WL 1730608, at *7. Similarly, *Jiminez* also involved a retained police practices expert, who had no involvement in the underlying prosecution, in which the Seventh Circuit explained that such experts should generally be restricted to testifying to governing standards and departures from those standards, rather than to their conclusion that probable cause was present. *Jimenez*, 732 F.3d 710, 721-722.

Plaintiff's inability to identify a single authority that excluded the testimony of a prosecutor explaining the basis for his own decision to charge a crime—precisely Nigohosian's position here[2]—is unsurprising. Indeed, any such decision would result in a misleading

---

[2] Nigohosian explained that as the felony review ASA: "[he] was looking to see whether or not the evidence met the criteria of the statute, whether there was probable cause to believe that a crime was committed and a charge was appropriate." (Ex. 2, p. 41:12-21.)

3

presentation of how cases are investigated and charged and would falsely suggest to the jury that it was Defendants, rather than the prosecutor, who made the determination of probable cause essential to the decision to bring charges. While Plaintiff is well within her rights in cross-examining Nigohosian as to Defendants' influences on or corrupting of Nigohosian's charging decision, it would make no sense to pretend that Nigohosian did not make the decision or allow him to explain why he did so.

Plaintiff argues at length that Nigohosian cannot offer expert testimony that was not adequately disclosed (Motion, pp. 3-4), but he does not appear to make that argument as to Nigohosian's testimony regarding probable cause, which was specifically included in Defendants' non-retained expert disclosure of Nigohosian. (Ex. 3.)[3] And to the extent Plaintiff is concerned about being blind-sided by *undisclosed expert testimony* (*see* Motion, p. 4, 5), Defendants have no intention of eliciting "expert" testimony from Nigohosian beyond the matter of his charging decision and probable cause.

Finally, Defendants briefly address two throw-away points Plaintiff relegated to footnotes regarding the scope of Nigohosian's permissible fact testimony. First, she contends Nigohosian cannot testify that Amor was not traumatized by the service of divorce papers, that Amor was

---

[3] Indeed, Plaintiff could not plausibly contend that Nigohosian's disclosure was insufficient as to probable cause. As Nigohosian was a non-retained witness, no report was required but only the subject of the proffered testimony and summary of the opinion. Fed. R. Civ. P. 26(a)(2)(C); And if Plaintiff had any concern about the scope of the disclosure as to probable cause after Nigohosian's deposition in which he discussed the evidence he evaluated, and his perception that probable cause existed (Ex. 2, generally) she had ample time—six months from the expert disclosure until discovery closed—to request further information or detail, but did nothing. Moreover, Plaintiff has not even argued she is prejudiced by the disclosure. The purpose of the Rule 26 expert disclosure requirements is to prevent surprise or prejudice to the opposing party. *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000); *Banister v. Burton*, 636 F.3d 828, 834 (7th Cir. 2011) (holding that there was no prejudice to the complaining party when there was no surprise that the expert would testify); *David v. Caterpillar, Inc.*, 324 F.3d 851, 857-858 (7th Cir. 2003) (holding that an expert's listing as a potential witness nearly a year and a half before trial and other such factors indicated harmlessness of insufficient disclosure).

"minimizing" during his statements or that the confession was true. (Motion, p. 5, n 2.) Defendants have no intention of eliciting such testimony, but to be clear, Plaintiff does not suggest, nor could he, that as the decisionmaker, Nigohosian cannot testify to his perceptions of Amor that evening, and why he believed Amor's statements warranted criminal charges, which included his perception that Amor was calm and was "minimizing" his culpability.

Second, Plaintiff contends that since Nigohosian took less than five confessions as a prosecutor, "he does not have the expertise regardless to testify about taking confessions and a suspect's reaction(s) to interrogations and confessions." (Motion, p. 5 n.3 citing *Gayton v. McCoy*, 593 F.3d 610, 617-18 (7th Cir. 2010) and *Harris v. City of Chicago*, No. 14 C 4391, 2017 WL 3193585 at *4 (July 27, 2017).) But again, both *Gayton* and *Harris* are entirely inapposite as they addressed only whether retained experts were qualified to address matters arguably outside their areas of expertise. Here, Nigohosian did take Amor's confession and he did observe Amor's reactions to questioning, so the suggestion that his lack of experience—which Defendants dispute—somehow prevents him from testifying to what he did and what he saw makes literally no sense. While Plaintiff can surely cross-examine Nigohosian about the impact of his experience on the reliability of his assessments, any suggestion that he should not be allowed to testify to his observations stalls at the starting gate.

## CONCLUSION

Wherefore, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Bar or Limit the Testimony of Defendants' Expert Witness Brian Nigohosian.

Date: June 7, 2024	Respectfully submitted,

/s/ Lisa M. Meador
LISA M. MEADOR, Attorney No. 6270259
*One of the Attorneys for Defendants*

James G. Sotos
Laura Ranum
Joseph Polick
Lisa M. Meador
Jeffrey C. Grossich
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
lmeador@jsotoslaw.com

6

## CERTIFICATE OF SERVICE

      I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that on June 7, 2024, I electronically filed the foregoing **Defendants' Response to Plaintiff's Motion to Bar or Limit the Testimony of Defendants' Expert Witness Brian Nigohosian** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants listed on the below Service List:

***Attorneys for Plaintiff:***
Jon Loevy
Gayle Horn
Locke Bowman
Alyssa Martinez
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
gayle@loevy.com
locke@loevy.com
alyssa@loevy.com

                                          /s/ Lisa M. Meador
                                          LISA M. MEADOR, Attorney No. 6270259
                                          *One of the Attorneys for Defendants*