# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANNE OLSON, not individually, | ) | |
| But as Trustee of the William Amor Trust, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-02523 |
| v. | ) | |
| | ) | |
| REBECCA GOMEZ, as Special | ) | |
| Representative for Michael Cross, | ) | The Hon. John J. Tharp, Jr. |
| Deceased, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM</u>**

Jon Loevy
Gayle Horn
Locke E. Bowman
Alyssa Martinez
LOEVY + LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com

## FUNCTIONS OF THE COURT AND JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Plaintiff's Proposed Jury Instruction No. 1**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.01.

_____        Given
_____        Rejected
_____        Withdrawn
_____        Objected to

2

**Defendants' Objection to Plaintiff's Instruction No. 1:**

The reference to "race, color, religion, national ancestry, or sex" in the last sentence of paragraph four are unnecessary. Defendants' Instruction No.1, removing this language, is offered in the alternative.

## LITIGANTS EQUAL BEFORE THE LAW

In this case, Plaintiff William Amor was a private citizen, and Jeanne Olson, as the trustee of William Amor's trust, is a private citizen. Defendants Michael Cross, Robert Guerrieri, and Brian Cunningham are or were governmental officials. All parties are equal before the law. All parties in this case are entitled to the same fair consideration. You are not to afford any more credibility to statements made by a witness or a party because he was or is a governmental official, and you are not to afford any less credibility to statements made by a witness or a party because he is a private citizen.

**Plaintiff's Proposed Jury Instruction No. 2**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.03 (modified); Dkt. 887 Dkt. 887 at 3 (Jury Instruction on fair consideration to all parties), given in June 2021 in *Andersen v. City of Chicago*, 16-cv-1963 (N.D. Ill.) (Kendall, J.).

_____      Given
_____      Rejected
_____      Withdrawn
_____      Objected to

**Defendants' Objection to Plaintiff's Instruction No. 2:**

Plaintiff's instruction does not account for Defendant Rebecca Gomez, as Special Representative of Michael Cross, deceased. The references to Defendants as "government officials" is confusing. The language regarding credibility and weight of government officials and private citizens is unnecessary. Defendants' Instruction No.2 is offered in the alternative.

**EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

**Plaintiff's Proposed Jury Instruction No. 3**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.04.

_____   Given
_____   Rejected
_____   Withdrawn
_____   Objected to

**Defendants' Objection to Plaintiff's Instruction No. 3:**

Incomplete to the extent it omits judicial notice if necessary. Defendants' Instruction No.3 is offered in the alternative.

**PRIOR INCONSISTENT STATEMENTS OR ACTS**

You may consider statements given by a party, or a witness under oath, before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Plaintiff's Proposed Jury Instruction No. 15**

Source: Seventh Circuit Pattern Civil Jury Instruction No. 1.14 (modified to add commas around "or a witness under oath").

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Defendants' Objection to Plaintiff's Instruction No. 15:**

Incomplete statement of the law and confusing.  Defendants' Instruction No. 4 is offered as an alternative.

## FIRST CLAIM: INVOLVUNTARY CONFESSION

Plaintiff Amor's first claim is that Defendants Cross and Guerrieri violated his Fifth Amendment right against self-incrimination by improperly causing him to give an involuntary confession.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Plaintiff gave a confession;

2. This confession was not made by Plaintiff voluntarily but rather was made involuntarily as a result of improper tactics by the Defendant;

3. The confession was used against Plaintiff during his criminal case; and

4. Plaintiff was damaged as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages on this claim as to that Defendant.

In assessing whether the Defendant caused Plaintiff to make involuntary statements, you should consider the "totality of the circumstances" of the interrogation. This means that you should consider all factors relating to the interrogation together, instead of considering different factors in isolation.

I will now define some of the terms I have just used:

A confession is voluntary if, in the totality of the circumstances, it is the product of a rational intellect and free will and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics which have overcome a person's free will and ability to make a rational choice.

Evaluating the totality of the circumstances is determined based on the facts of each case with no bright line rules. It requires you to consider the characteristics of the Plaintiff that were known or should have been known to the Defendant. You should also consider the tactics used by the Defendants during Plaintiff's custodial interrogation.

The various factors you may consider include, but are not limited to: Plaintiff's age, experience, education, deprivation of sleep or food, background, intelligence, vulnerabilities known to the officers at the time, and whether he understood his rights and the consequences of waiving those rights. You may also consider the length and time of day of the interrogation, the physical setting, the manner and tone with which the officers interrogated Plaintiff and the overall conduct of the interrogation, the number of officers involved, the presence or absence of

weapons, whether any physical violence or other harm were used, whether any threats were made, whether the police provided the suspect with facts that ultimately were part of a confession, and whether officers sought an explicit waiver of the right to silence and/or an attorney. You may also consider whether Plaintiff had the ability to communicate with others during his custody.

You may consider the tactics the Defendants used during their questioning, including deceit, promises of leniency, threats of harm, or physical or psychological abuse. No one factor is determinative. Specific methods of interrogation, including the use of deceit, engaging in accusatory questioning, making false or misleading statements about evidence of a person's guilt, posing as a friend, and making statements to such person about the potential legal consequences of the crime being investigated, are not in and of themselves prohibited unless, if taken together with the totality of circumstances, they result in overcoming a person's free will and ability to make a rational choice.

Threats and direct or implied promises can render a confession involuntary and an interrogation coercive under the totality of circumstances, depending on the nature and character of the threat or promise in the context of the interrogation. You must determine the weight to be given to any psychological appeals to conscience, threats, or promises, if you find any were made.

**Plaintiff's Proposed Jury Instruction No. 20**

Source: Dkt. 887 at 30, 33 (Jury Instruction on coerced confession claim and definition of voluntariness), given in June 2021 in *Andersen v. City of Chicago*, 16-cv-1963 (N.D. Ill.) (Kendall, J.) (modified); *Dassey v. Dittmann*, 877 F.3d 297, 303 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 2677 (2018); *Arizona v. Fulminante*, 499 U.S. 279, 287 (1991); *Mincey v. Arizona*, 437 U.S. 385, 398 (1978); *Brown v. Mississippi*, 297 U.S. 278 (1936); *Culombe v. Connecticut*, 367 U.S. 568 (1961); *Colorado v. Connelly*, 479 U.S. 157 (1986); *Chavez v. Martinez*, 538 U.S. 760 (2003); *Edwards v. Arizona*, 451 U.S. 477 (1981); *Greenwald v. Wisconsin*, 390 U.S. 519 (1968); *Miller v. Fenton*, 474 U.S. 104 (1984); *Lynumn v. Illinois*, 372 U.S. 528 (1963); *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973); *Spano v. New York*, 360 U.S. 315 (1959); *Hurt v. Wise*, 880 F.3d 831 (7th Cir. 2018); *United States v. Montgomery*, 555 F.3d 623, 633 (7th Cir. 2009); *United States v. Huerta*, 239 F.3d 865, 871 (7th Cir. 2001); *United States v. Hall*, 93 F.3d 1337, 1346 (7th Cir. 1996); *Weidner v. Thieret*, 866 F.2d 958, 959 (7th Cir. 1989); *Aleman v. Village of Hanover*, 662 F.3d 897 (7th Cir. 2011).

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

**Defendants' Objection to Plaintiff's Instruction No. 20:**

Plaintiff's instruction does not consider whether the Defendants Cross or Guerrieri had the intended consequence of bringing about Mr. Amor's involuntary incriminating statements, and does not contain a requisite intent element for a claim under the Due Process Clause. *Compare*, 7th Circuit Pattern Civil Jury Instruction 7.14. Nor does it contain the element that Amor's free will was overborne. Plaintiff's instruction simply asks the jury to determine whether Defendants caused Plaintiff to make involuntary incriminating statements. The instruction is also confusing because it directs the elements of the claim to Plaintiff rather than Mr. Amor.

Defendants' Instruction No. 10 is offered as an alternative.

**SECOND CLAIM: AGREEMENT TO VIOLATE CONSTITUTIONAL RIGHTS**

Plaintiff Amor's second claim is that Defendants Cross, Guerrieri, and Cunningham entered into an agreement to deprive him of his constitutional rights by coercively interrogating him.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant joined an agreement between two or more persons to violate Plaintiff's constitutional rights;

2. The Defendant knowingly joined the agreement with the intention to carry it out;

3. One or more of the participants to the agreement committed an act in an effort to carry out the agreement; and

4. As a result, Plaintiff's constitutional rights were violated in the way described in Claim 1.

In order to show that the Defendant joined an agreement, Plaintiff must prove that the participants shared a common purpose. Plaintiff does not have to prove that there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

If you find that Plaintiff has proved each of these four things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages on this claim as to that Defendant.

**Plaintiff's Proposed Jury Instruction No. 21**

Source: *Proffitt v. Ridgway*, 270 F.3d 503, 507 (7th Cir. 2002); *Vukadinovich v. Zentz*, 995 F.2d 750 (7th Cir. 1993); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988) ("[I]t is enough if you understand the general objectives of the scheme, accept them, and agree, either explicitly or implicitly, to do your part to further them."); *Bell v. City of Milwaukee,* 746 F.2d 1205 (7th Cir. 1984); *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979); *Fields v. City of Chicago*, No. 10 C 1169 (N.D. Ill. Dec. 12, 2016), Doc. No. 1169 at 11; Dkt. 887 at 36-37 (Jury Instruction on conspiracy claim), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.) (modified); *see also* Seventh Circuit Criminal Pattern Jury Instruction Nos. 5.08-5.10.

_____    Given
_____    Rejected
_____    Withdrawn
_____    Objected to

**Defendants' Objection to Plaintiff's Instruction No. 21:**

Plaintiff's instruction fails to inform the jury that the conspiracy claim is derivative of her first claim for a coerced involuntary confession, and that Plaintiff must first prove this underlying claim before considering the conspiracy claim. The instruction is also confusing because it directs the elements of the claim to Plaintiff rather than Mr. Amor.

Defendants' Instruction No. 12 is offered as an alternative.

## THIRD CLAIM – FAILURE TO INTERVENE

Plaintiff Amor's third claim is that Defendants Cross and Guerrieri violated his constitutional rights by failing to intervene to stop the harm.

To succeed on his failure to intervene claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Plaintiff's constitutional rights were violated in one of the ways described previously in Claims 1 or 2, above;

2. The Defendant knew Plaintiff's constitutional rights were being violated or were about to be violated;

3. The Defendant had a realistic opportunity to do something to prevent harm from occurring;

4. The Defendant failed to take reasonable steps to prevent harm from occurring; and

5. The Defendant's failure to act caused Plaintiff to suffer harm.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering, and you will not consider the question of damages on this claim as to that Defendant.

**Plaintiff's Proposed Jury Instruction No. 22**

Source: Seventh Circuit Pattern Civil Jury Instruction 7.22 (modified); Dkt. 887 at 38-39 (Jury Instruction on failure to intervene claim), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.) (modified).

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Objection to Plaintiff's Instruction No. 22:**

Plaintiff's instruction fails to inform the jury that the failure to intervene claim is derivative of her first claim for a coerced involuntary confession, and that Plaintiff must first prove this underlying claim before considering the failure to intervene claim. Plaintiff's instruction also incorrectly claims that his derivative conspiracy claim is also an underlying claim for purposes of failure to intervene. The instruction is also confusing because it directs the elements of the claim to Plaintiff rather than Mr. Amor.

Defendants' Instruction No. 14 is offered as an alternative.

## FOURTH CLAIM – MALICIOUS PROSECUTION

Plaintiff Amor's fourth claim is that Defendants Cross, Guerrieri, and Cunningham maliciously caused him to be prosecuted for aggravated arson and murder in violation of Illinois state law.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant caused the commencement or continuation of a criminal proceeding against Plaintiff;

2. There was no probable cause to prosecute Plaintiff for the accused crime;

3. The criminal proceeding terminated in Plaintiff's favor;

4. The Defendant acted with malice; and

5. Plaintiff was damaged as a result.

A Defendant "caused the commencement or continuation" of a criminal proceeding if he plays a significant role in causing the criminal prosecution. A Defendant plays a significant role in causing a criminal prosecution when actions he has taken induce a prosecutor to pursue criminal charges. In making this determination, you may consider whether a Defendant provided false evidence or misinformation, suppressed or concealed evidence, misled a prosecutor, or engaged in other wrongful or bad-faith conduct instrumental in the commencement or continuation of the criminal proceeding.

"Malice" is the intent, without justification, to commit a wrongful act. In order to find malice, you must find that the Defendant you are considering commenced or continued the criminal proceeding against Plaintiff with any motive other than that of bringing him to justice. Malice does not necessarily mean personal ill-will, spite, or hatred toward Plaintiff.

Malice may be inferred from the absence of probable cause if the circumstances that surrounded the start of the criminal proceeding are not consistent with good faith.

"Probable cause" exists for a criminal proceeding if, based on the evidence known at the time, a reasonable person would have believed that the plaintiff had committed the crime that was charged. The fact that Plaintiff was found guilty in the original trial does not in and of itself, mean the Defendants had probable cause, nor does the fact that the conviction was vacated and Plaintiff was acquitted following a retrial in and of itself mean that the Defendants did not have probable cause.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant you are considering,

and you will not consider the question of damages on this claim as to that Defendant

**Plaintiff's Proposed Jury Instruction No. 23**

Source: Dkt. 887 at 40-44 (Jury Instruction on state law malicious prosecution claim), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.) (modified); *Swick v. Liautaud*, 169 Ill.2d 504, 512 (1996); *Gilbert v. Emmons*, 42 Ill. 143, 147 (Ill. 1866); *Bianchi v. McQueen*, 2016 IL App (2d) 150646, ¶¶ 72-73 (2016); *Fabiano v. City of Palos Hills*, 336 Ill.App.3d 635, 647-48 (2002); *Rodgers v. Peoples Gas, Light & Coke Co.*, 315 Ill. App. 3d 340 (2000); *Frye v. O'Neill*, 166 Ill. App. 3d 963 (1988); *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016); *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 922 (7th Cir. 2001); *Torres v. City of Chicago*, 2015 WL 12843890, at *1 (N.D. Ill. Dec. 10, 2015); Restatement (Second) of Torts § 653, cmt. (d), §§ 658-661 (1977).

_____      Given
_____      Rejected
_____      Withdrawn
_____      Objected to

**Defendants' Objection to Plaintiff's Instruction No. 23:**

Plaintiff's instruction is confusing in that it embeds definitions into the elements of the claim. The elements of the claim, or what the jury needs to find by a preponderance of the evidence, should be clear. Plaintiff also does not define the criminal offenses at issue or the prosecutor's sole discretion to initiate the charges, or to choose what charges will be brought. Plaintiff's definitions of malice and probable cause are also incomplete. The instruction is also confusing because it directs the elements of the claim to Plaintiff rather than Mr. Amor.

Defendants' Instruction Nos. 15-20 are offered as alternatives.

## FIFTH CLAIM – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff Amor's fifth claim is that Defendants Cross, Guerrieri, and Cunningham intentionally inflicted emotional distress upon him in violation of Illinois state law.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant's conduct was extreme and outrageous;

2. Defendant either intended his conduct to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and

3. Defendant's conduct in fact caused Plaintiff severe emotional distress.

"Extreme and outrageous conduct" means conduct that, under the circumstances, extends beyond the bounds of human decency and is considered intolerable in a civilized community.

In determining whether conduct is extreme and outrageous, you may consider the following factors: the degree of power or authority which Defendants Cross, Guerrieri, and Cunningham had over Plaintiff; whether Defendants Cross, Guerrieri, and Cunningham reasonably believed that their conduct had a legitimate objective; and whether Plaintiff was particularly susceptible to emotional distress because of some mental condition or state.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant, and you will not consider the question of damages on this claim.

**Plaintiff's Proposed Jury Instruction No. 24**

Source: Dkt. 887 at 46-47 (Jury Instruction on intentional infliction of emotional distress claim), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.) (modified); *Feltmeier v. Feltmeier*, 798 N.E.3d 75 (Ill. 2003).

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Defendants' Objection to Plaintiff's Instruction No. 24:**

Plaintiff's instruction is confusing because it refers to Plaintiff and directs the elements of the claim to her rather than to Mr. Amor. Defendants' Instruction No. 21, offered as an alternative, is directs the elements to Mr. Amor and is clearer.

## SIXTH CLAIM – STATE CIVIL CONSPIRACY

Plaintiff Amor's sixth claim is that Defendants Cross, Guerrieri, and Cunningham entered into an agreement to maliciously prosecute and/or to inflict emotional distress on him.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant joined an agreement between two or more persons to maliciously prosecute Plaintiff and/or inflict emotional distress on him. Plaintiff must prove that the participants shared this common purpose. He does not have to prove there was a formal agreement or plan in which all involved met together and worked out the details. He also does not have to prove that each participant knew all the details of the agreement or the identity of all the participants.

2. One or more of the participants committed an act in an effort to carry out the agreement; and

3. Plaintiff was damages as a result of the Defendant's actions.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for the Defendant, and you will not consider the question of damages on this claim

**Plaintiff's Proposed Jury Instruction No. 25**

Source: *Fritz v. Johnston*, 209 Ill.2d 302, 317 (2004); *see also Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502 (7th Cir. 2007).

_____     Given
_____     Rejected
_____     Withdrawn
_____     Objected to

**Defendants' Objection to Plaintiff's Instruction No. 25:**

Plaintiff's instruction fails to inform the jury that this state law conspiracy claim is derivative of her fourth and fifth claims for malicious prosecution and intentional infliction of emotional distress, and that Plaintiff must first prove these underlying claims before considering the conspiracy claim. The first element of Plaintiff's instruction also confusingly contains definitions on what is necessary for an "agreement." The instruction is also confusing because it conflates Plaintiff with Mr. Amor.

Defendants' Instruction No. 22 is offered as an alternative.

**CAUSATION**

In these instructions, you have been asked whether any of the Defendants' actions caused the injury to Plaintiff. This question does not ask about "the" cause but rather "a" cause because an injury may have more than one cause. Someone's act caused the injury if it was a substantial factor in producing the injury. An injury may be caused by one person's act or by the combined acts of two or more people.

It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

**Plaintiff's Proposed Jury Instruction No. 26**

Source: Dkt. 887 at 48 (Jury Instruction on causation), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.).

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Objection to Plaintiff's Instruction No. 26:**

Non-pattern instruction. No legal citation and well beyond the language of Illinois Patten Civil Jury Instruction 15.01 on proximate cause upon which the last paragraph is apparently based. Unnecessarily confusing and duplicative of causation as addressed in the issues instructions.

## DAMAGES: GENERAL

If you find in favor of the Plaintiff on any of his claims, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find in favor of all of the Defendants on all of Plaintiff's claims, then you will not consider the question of damages.

**Plaintiff's Proposed Jury Instruction No. 27**

Source: Dkt. 887 at 49 (Jury Instruction on damages), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.).

_____ Given
_____ Rejected
_____ Withdrawn
_____ Objected to

**Defendants' Objection to Plaintiff's Instruction No. 27:**

Non-pattern.  Defendants Instruction No. 23 is offered as an alternative.

## COMPENSATORY DAMAGES

You are to determine the amount of money that will fairly compensate Plaintiff Amor for any injury that you find he sustained as a result of Defendants' wrongful conduct. These are called "compensatory damages."

Plaintiff must prove his damages by a preponderance of the evidence. Your award of damages must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include the physical, mental, and emotional aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages and no others:

- The physical, mental, and emotional pain and suffering that Plaintiff experienced;

- The loss of liberty that Plaintiff experienced;

- Any disability or the loss of a normal life that Plaintiff experienced;

No evidence of the dollar value of physical, mental, or emotional pain and suffering, loss of liberty, or disability or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

**Plaintiff's Proposed Jury Instruction No. 28**

Source: Seventh Circuit Pattern Civil Jury Instruction 7.26 (modified); Dkt. 887 at 51-52 (Jury Instruction on compensatory damages), given in June 2021 in *Andersen v. City of Chicago*, No. 16-cv-1963 (N.D. Ill.) (Kendall, J.) (modified).

| | |
|---|---|
| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Defendants' Objection to Plaintiff's Instruction No. 28:**

Omits the language "If you find in favor of Plaintiff on any of her claims, then . . ." from the first paragraph of the pattern instruction.  Confuses Plaintiff with William Amor.

Defendants Instruction No. 24 is offered as an alternative.

## FINAL INSTRUCTIONS

Once you are all in the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as by using a telephone, cell phone, smart phone, iPhone, Android, Blackberry, or any type of computer; by using text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or social media, including services like Facebook, LinkedIn, GooglePlus, YouTube, Twitter, Instagram, or SnapChat; or by using any other method of communication.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form]

When you have reached unanimous agreement, your presiding juror will fill in and date the verdict form, and each of you will sign it.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

All of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts.

**Plaintiff's Proposed Jury Instruction No. 30**

Source: Seventh Circuit Pattern Civil Jury Instructions 1.32, 1.33, 134 (modified).

| _____ | Given |
| _____ | Rejected |
| _____ | Withdrawn |
| _____ | Objected to |

**Defendants' Objection to Plaintiff's Instruction No. 30:**

      Non-pattern.  Defendants Instruction No. 26 (7th Circuit Pattern Civil Jury Instruction 1.32) as an alternative.  The parties have agreed to 7th Circuit Pattern Civil Jury Instructions 1.33 (Communication with the Court) and 1.34 (Disagreement Among Jurors).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEANNE OLSON, not individually, | ) | |
| But as Trustee of the William Amor Trust | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 18-cv-02523 |
|         v. | ) | |
| | ) | |
| REBECCA GOMEZ, as Special | ) | |
| Representative for Michael Cross, | ) | The Hon. John J. Tharp, Jr. |
| Deceased, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>VERDICT FORM</u>

We, the jury, with respect to the claims of Plaintiff against Defendants, find as follows:

## SECTION 1: LIABILITY

For each, place an "X" under one and only one of the two choices, *i.e.*, for Plaintiff or for a Defendant.

1. **First Claim: Involuntary Confession**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Michael Cross | | |
| Robert Guerrieri | | |

2. **Second Claim: Agreement to Violate Constitutional Rights**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Michael Cross | | |
| Robert Guerrieri | | |
| Brian Cunningham | | |

3. **Third Claim: Failure to Intervene**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Michael Cross | | |
| Robert Guerrieri | | |

4. **Fourth Claim: Malicious Prosecution**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Michael Cross | | |
| Robert Guerrieri | | |
| Brian Cunningham | | |

**5. Fifth Claim: Intentional Infliction of Emotional Distress**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Michael Cross | | |
| Robert Guerrieri | | |
| Brian Cunningham | | |

**6. Sixth Claim: Civil Conspiracy**

| Name of Defendant | For Plaintiff | For Defendant |
|---|---|---|
| Michael Cross | | |
| Robert Guerrieri | | |
| Brian Cunningham | | |

If you find against Plaintiff on all his claims, do not complete Section II. Proceed to Section III and sign and date the Verdict Form. If you find for Plaintiff on any claim against a Defendant, then you should continue to Section II.

**SECTION II: DAMAGES**

1. **Compensatory Damages**

   We award Plaintiff compensatory damages in the amount of:

   $_____.

2. **Punitive Damages**

   If you have awarded compensatory damages, you may, but are not required to, award punitive damages.

   We award Plaintiff punitive damages against **Robert Guerrieri** in the amount of:

   $_____.

   We award Plaintiff punitive damages against **Brian Cunningham** in the amount of:

   $_____.

## SECTION III

Please sign and date below and return the entire Verdict Form to the marshal (each juror must sign the form).

DATE: _____

_____          _____
Foreperson

_____          _____

_____          _____

_____          _____

_____          _____