# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANNE OLSON, as Trustee of the William Amor Trust for WILLIAM E. AMOR, deceased, | ) ) ) | 18-CV-02523 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge John J. Tharp, Jr. |
| REBECCA GOMEZ, as Special Representative for MICHAEL CROSS, deceased; ROBERT GUERRERI; BRIAN CUNNINGHAM; and THE CITY OF NAPERVILLE, | ) ) ) ) ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

Defendants reserve their right to submit additional instructions based on the Court's rulings, before and at trial, based on the evidence at trial, and if Plaintiff submits any additional instructions.

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Defendants' Instruction No. 1**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.01

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's Objection: Plaintiff's instruction is more fulsome and accurately indicates that a juror "should not be influenced by any person's race, color, religion, national ancestry, or sex."**

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case, William Amor was a private citizen, and Plaintiff Jeanne Olson, as the trustee of William Amor's trust, is a private citizen. Michael Cross was a police detective, and Defendant Rebecca Gomez, as his Special Representative, is a private citizen. Defendants Robert Guerrieri and Brian Cunningham were police detectives. All parties are equal before the law. All parties in this case are entitled to the same fair consideration.

**Defendants' Instruction No. 2**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.03 (modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's Objection: Plaintiff's instruction better explains how to apply this principle by explaining that a juror cannot afford any more or less credibility to a party because he or she is a police detective or private citizen. This is a helpful instruction.**

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, [and stipulations.]

[A stipulation is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony].]

[If I have taken judicial notice of certain facts, you must accept those facts as proved.]

**Defendants' Instruction No. 3**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.04

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's Objection: Plaintiff does not anticipate that this Court will have to take judicial notice of any facts. Should this Court do so, Plaintiff does not have any objection to this instruction.**

## PRIOR INCONSISTENT STATEMENTS [OR ACTS]

You may consider statements given prior to trial by Amor or a Defendant, whether or not the statement was given under oath, as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

For all witnesses who are not parties, you may only consider statements given by such witnesses under oath before trial as evidence of the truth of what she or he said in the earlier statements, as well as in deciding what weight to give her or his testimony.

For witnesses who are not parties, the law is different for unsworn statements. If you decide that, before the trial, one of these witnesses made a statement not under oath, you may consider the earlier statement or conduct only in deciding whether her or his testimony here in court was true and what weight to give to her or his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**Defendants' Instruction No. 4**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.14 (modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's Objection: This instruction does not adequately reflect the law or the Pattern Instruction. It limits prior states as evidence of the truth only to parties ("Amor or a Defendant"), but the same principle applies for witnesses under oath. It is also improper to limit this instruction to "Amor or a Defendant," since it would also apply to Cross, who is deceased but who, like Amor, is not a Defendant, but is instead represented by his personal representative.**

## IMPEACHMENT OF WITNESS — CONVICTIONS

You have heard evidence that William Amor has been convicted of a crime. You may consider this evidence only in deciding whether William Amor's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

**Defendants' Instruction No. 5**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.15

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X\_\_\_\_

**Plaintiff's objection: Plaintiff has moved *in limine* to bar Mr. Amor's prior convictions, which are inadmissible under Rules 401, 403 and 609.**

## MULITPLE CLAIMS -- MULTIPLE DEFENDANTS

You must give separate consideration to each claim and each party in this case. Although there are three defendants, it does not follow that if one is liable, any of the others is also liable.

[If evidence was admitted only as to fewer than all defendants or all claims:] In considering a claim against a defendant, you must not consider evidence admitted only against other defendants [or only as to other claims].

**Defendants' Instruction No. 6**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.25

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's Objection: This instruction is confusing because there is a conspiracy claim, which yokes one defendant in for the actions of others.**

## JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Defendants' Instruction No. 8**

Source: Seventh Circuit Pattern Civil Jury Instruction 2.14

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's Objection: If this becomes relevant, Plaintiff has no objection. It is premature at this point.**

## ISSUES INSTRUCTION

Plaintiff Jeanne Olson, as trustee of William Amor's trust, has asserted claims under both federal law and Illinois law against Defendants Michael Cross, Robert Guerrieri, and Brian Cunningham. You must consider each claim separately.

Plaintiff claims that:

1.    Defendants Michael Cross and Robert Guerrieri violated William Amor's Fifth Amendment right against self-incrimination by improperly causing him to give an involuntary confession.

2.    All Defendants conspired among themselves to deprive William Amor of his constitutional right against self-incrimination.

3.    Defendants Michael Cross and Robert Guerrieri failed to intervene to prevent a violation of William Amor's constitutional rights.

4.    All Defendants maliciously prosecuted William Amor in violation of Illinois law.

5.    All Defendants intentionally inflicted emotional distress upon William Amor in violation of Illinois law.

6.    All Defendants conspired among themselves to maliciously prosecute and intentionally inflict emotional distress upon William Amor in violation of Illinois law.

Defendants deny all of these claims.

I shall now discuss each of these claims in turn.

**Defendants' Proposed Instruction No. 9**

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____

**Plaintiff's Objection: The parties need to come up with a consistent way to reference Michael Cross and Bill Amor. The Defendants' instruction refers to Cross as the Defendant but Amor as "Amor." It is easiest to refer to them both as parties—Plaintiff and Defendant—and we can propose an instruction to that effect for this Court to use.**

## FIRST CLAIM: COERCED INVOLUNTARY CONFESSION

Plaintiff Amor claims that Defendants Michael Cross and Robert Guerrieri violated his Fifth Amendment right against self-incrimination by improperly causing him to give an involuntary confession.

To succeed on this claim as to either Defendant Cross or Guerrieri, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Amor gave a confession;

2. A Defendant knowingly used improper coercion methods during his questioning of Amor;

3. The Defendant's use of those improper coercion methods overcame Amor's free will and caused him to involuntarily confess;

4. The confession was used against Amor during his criminal case; and

5. Amor was damaged as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against the Defendant you are considering, then you should decide for Plaintiff and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you should decide for that Defendant, and not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 10**

Source: *Dassey v. Dittman*, 877 F.3d 297, 303 (7th Cir.2017) (*en banc*), *cert. denied*, 138 S.Ct. 2677 (2018)(purpose is to determine whether the defendant's will was in fact overborne); *Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (coercive police activity is a necessary predicate to finding that confession is not voluntary under Due Process Clause); *Dickerson v. U.S.*, 530 U.S. 428, 434 (2000); *Miller v. Fenton,* 474 U.S. 104, 116 (1985); *Schneckloth v. Bustamonte,*

412 U.S. 218, 225-26 (1973); *Lynumn v. Illinois*, 372 U.S. 528, 534 (1963); *Conner v. Mc Bride*, 375 F.3d 643, 651 (7th Cir. 2004); *Holland v. McGinnis*, 963 F.2d 1044, 1050-51 (7th Cir.1992); *United States v. Haddon*, 927 F.2d 942, 945-46 (7th Cir. 1991); Chavez v. Martinez, 538 U.S. 760, 772-73 (2003); *Archie v. City of Racine*, 847 F.2d 1211, 1219-20 (7th Cir. 1988)(*en banc*) (neither negligence nor gross negligence is a sufficient basis for Section 1983 liability under the due process clause) *citing, Daniels v. Williams*, 474 U.S. 327, 331-332(1986) and *Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986).

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____X_____


**Plaintiff's objection: This instruction is an inaccurate recitation of the law. "Knowing" is not required; recklessness is all that is required. In addition, "improper coercion methods" is also confusing. Plaintiff's instruction uses the term "improper tactics" which is easier to understand and more consistent with the law.**

**DEFINITION OF VOLUNTARY STATEMENT**

An incriminating statement is given voluntarily, if, in the totality of the circumstances, it is the product of rational intellect and free will and not the result of physical abuse or psychological intimidation which have overcome a person's free will and ability to make a rational choice. Specific methods of interrogations, including the use of deceit, supplying details of an incident, touching, yelling, and minimization techniques, are not in and of themselves prohibited unless, if taken together with the totality of the circumstances, they overcome a person's free will and ability to make a rational choice.

**Defendants' Proposed Instruction No. 11**

Source: *Harris v. City of Chicago, 14-c-0439, Docket # 443* (modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X

**Plaintiff's Objection: This is not an accurate recitation of the law. For example, "touching," if it includes physical force or torture is prohibited. Moreover, this instruction suggests that even in combination these interrogation methods would be proper, which is not consistent with the law or with the understanding that what matters is the totality of the circumstances. As such, the instruction is confusing as written. It is also underinclusive**

**and incomplete as it does not explain (a) the totality of circumstances and (b) the relevance of situational and personal risk factors.**

**SECOND CLAIM: CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHT**

Plaintiff claims that Defendants Michael Cross, Robert Guerrieri, and Brian Cunningham conspired with each other to violate Amor's Fifth Amendment right against self-incrimination. This claim is derivative of Plaintiff's First Claim: Coerced Involuntary Confession. This means that you should only consider this Second Claim: Conspiracy if you first find in favor of Plaintiff and against at least one Defendant on Plaintiff's First Claim: Coerced Involuntary Confession. If you find in favor of both Defendants Cross and Guerrieri on First Claim: Coerced Involuntary Confession then you must find in favor of all Defendants on this Second Claim: Conspiracy. If, on the other hand, you find in favor of Plaintiff and against Defendant Guerrieri and/or Defendant Cross on Plaintiff's First Claim: Coerced Involuntary Confession, then you should go on to consider whether Plaintiff has proven Second Claim: Conspiracy against any Defendant.

A conspiracy is a combination of two or more persons acting together to commit an unlawful act. The principal element of a conspiracy is an agreement to accomplish an unlawful purpose, or to accomplish a lawful purpose by unlawful means. Once the agreement between those persons is reached, one of them must also commit an action in furtherance of the conspiracy; that is, he must take positive steps to accomplish their goal.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant you are considering entered into an agreement with one or more of the other Defendants to violate Amor's right against self-incrimination;

2. The Defendant you are considering knowingly entered the agreement with the intention to carry it out;

3. One or more of the participants to the agreement committed an action in furtherance of the agreement; and,

4. As a result, Amor's constitutional right against self-incrimination was violated as explained in the First Claim: Coerced Involuntary Confession Instruction.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for Plaintiff and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 12**

Source: Instruction Given, *Patrick v. City of Chicago*, 14-cv-3658, Dkt. No. 369, at 38 (N.D. Ill., J. Guzman) (modified); *Vukadinovich v. Zentz*, 995 F.2d 750 (7th Cir. 1993); *Mnyofu v. Board of Educ. of Rich Tp. H.S. Dist*. 227, 2007 WL 1308523, *11 (N.D. Ill. 2007); *Scherer v. Balkema,* 840 F.2d 437, 442 (7th Cir. 1988); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's objection: The first paragraph of this instruction is redundant of the elements of a conspiracy claim and overemphasizes one element—that there must be an underlying constitutional violation—to the exclusion of others. The elements already incorporate the requirement that a person's constitutional rights must be violated. The instruction also fails to explain what it means to enter an agreement, which Plaintiff's instruction does.**

## GENERAL:  REQUIREMENT OF PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that the particular Defendant you are considering was personally involved in the conduct that Plaintiff complains about. You may not hold a Defendant liable for what others, including other Naperville Police Department employees, did or did not do.

However, a Defendant's failure to intervene in the wrongful conduct of another Defendant, despite a reasonable opportunity to do so, can be a form of personal involvement that I will explain as follows.

**Defendants' Proposed Instruction No. 13**

Source:  Seventh Circuit Pattern Civil Jury Instruction 7.02 (modified); *Sanchez v. City of Chicago*, 700 F.3d 919, 928-29 (7th Cir. 2012)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's Objection: This instruction is confusing because of the failure to intervene claim. It is also not necessary to give because the requirement of personal involvement is incorporated into each of the Plaintiff's instructions on the claims.**

**THIRD CLAIM: FAILURE TO INTERVENE**

Plaintiff claims that Defendants Michael Cross and Robert Guerrieri failed to intervene to prevent a violation of Amor's constitutional right against self-incrimination, as defined in Plaintiff's First Claim: Coerced Involuntary Confession instruction. This claim is also derivative of Plaintiff's First Claim: Coerced Involuntary Confession. This means that you should only consider this Failure to Intervene claim if you first find in favor of Plaintiff and against at least one Defendant on Plaintiff's First Claim: Coerced Involuntary Confession. If you find in favor of both Defendants Cross and Guerrieri on Plaintiff's First Claim: Coerced Involuntary Confession then you must find in favor of both Defendants on this Third Claim: Failure to Intervene. If, on the other hand, you find in favor of Plaintiff and against Defendant Guerrieri and/or Defendant Cross on the First Claim: Coerced Involuntary Confession, then you should go on to consider whether Plaintiff has proven his Failure to Intervene Claim against any Defendant.

To succeed on his claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.     Defendant Cross or Guerrieri violated Amor's right against self-incrimination by deliberately causing him to give an involuntary confession.

2.     The Defendant knew that another Defendant was about to violate Amor's right against self-incrimination as set forth above.

3.     The Defendant had a realistic opportunity to do something to prevent harm from occurring.

4.     The Defendant failed to take reasonable steps to prevent harm from occurring.

5.     The Defendant's failure to act caused Amor to suffer harm.

If you find that Plaintiff has proven each of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff and against that Defendant and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove one of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant, and not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 14**

Source: Seventh Circuit Pattern Jury Instruction 7.22 (modified).

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____X_____

**Plaintiff's objection: This instruction deviates from the Seventh Circuit Pattern instruction. The first paragraph of this instruction is redundant insofar as it overemphasizes that this claim is derivative and that there must be an underlying constitutional violation that a Defendant fails to intervene to prevent. That factor is already incorporated into the elements of the claim.**

## FOURTH CLAIM: MALICIOUS PROSECUTION

Plaintiff claims that Defendants Cross, Guerrieri, and Cunningham maliciously caused him to be prosecuted for aggravated arson and murder in violation of Illinois state law.

To succeed on this claim as to the particular Defendant you are considering, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant caused the commencement or continuation of a criminal proceeding against Amor;

2. There was no probable cause to prosecute Amor for the accused crime;

3. The criminal proceeding terminated in Amor's favor;

4. The Defendant acted with malice; and

5. Amor was damaged as a result.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 15**

Source: *Beamon v. Freesmeyer*, 2019 IL 122654 at ¶26, 131 N.E.3d 488, 495 (2019); *Swick v. Liautaud*, 169 Ill.2d 504, 512, 662 N.E.2d 1238, 1242 (1996).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's Objection: Plaintiff's instruction is better because it explains the terms in the jury instructions; namely, the commencement or continuation of proceedings; malice and probable cause.**

## CRIMINAL OFFENSES

There was in force in the State of Illinois at the time of the occurrence in question a statute which provided that:

**First Degree Murder:**

A person who kills an individual without lawful justification commits first degree murder if, in performing the acts which cause the death:

(1) he or she either intends to kill or do great bodily harm to that individual or another, or knows that such acts will cause death to that individual or another; or

(2) he or she knows that such acts create a strong probability of death or great bodily harm to that individual or another; or

(3) he or she, acting alone or with one or more participants, commits or attempts to commit a forcible felony other than second degree murder, and in the course of or in furtherance of such crime or flight therefrom, he or she or another participant causes the death of a person.

**Aggravated Arson:**

A person commits the offense of aggravated arson when, in the course of committing arson, he knowingly damages, partially or totally, any building and he knows or reasonably should know that one or more persons are present therein.

**Defendants' Instruction No. 16**

Sources: Illinois Pattern Jury Instructions, Civil, 60.01; 720 ILCS 5/9-1(a) (murder); 720 ILCS S 5/20-1.1(a) (aggravated arson);

GIVEN _____
REFUSED _____
WITHDRAWN _____
OBJECTION _____X_____

**Plaintiff's Objection: This instruction is irrelevant. The jury does not need instructions on the elements of the crimes for which Plaintiff was charged.**

**COMMENCING OR CONTINUING A CRIMINAL PROCEEDING**

In order to find a Defendant responsible for commencing or continuing the criminal action against Amor, Plaintiff must establish that the Defendant you are considering was the proximate cause of and played a significant role in Amor's prosecution. In determining whether that Defendant played a significant role, you must determine whether the Defendant you are considering improperly exerted pressure or influence on the prosecutor's decision, made knowing misstatements upon which the prosecutor relied, or otherwise engaged in wrongful or bad faith conduct instrumental in the initiation of the prosecution.

**Defendants' Proposed Instruction No. 17**

Source: *Beamon v. Freesmeyer*, 2019 IL 122654 at ¶44-45, 131 N.E.3d 488, 499-500 (2019)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's objection: It is simpler and cleaner to have this definition in the claims instruction as Plaintiff does. Plaintiff's instruction more accurately states the law, which requires that a defendant play a significant role—not that the defendant be *the* proximate cause, as stated above. Moreover, the second sentence of this instruction is incomplete as a juror may consider whether the defendant provided false evidence, suppressed or concealed evidence, or misled the prosecution.**

## PROSECUTORIAL DISCRETION
## IN CHARGING AND MANAGING CRIMINAL PROSECUTIONS

In Illinois, the State's Attorney is vested with exclusive discretion in the initiation and management of a criminal prosecution. That discretion includes the decision whether to prosecute at all, as well as to choose which of several charges shall be brought.

**Defendants' Proposed Instruction No. 18**

Source: *People ex. rel. Daley v. Moran*, 94 Ill.2d 41, 45-46 (1983); *Town v. Castle Rock v. Gonzales*, 545 U.S, 748, 769 (2005); *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1240 (7th Cir. 1990).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's objection: This instruction is confusing and designed to mislead the jury into thinking that only a prosecutor can "commence or continue a prosecution." It unnecessarily complicates the issue.**

## DEFINITION OF "PROBABLE CAUSE" FOR MALICIOUS PROSECUTION

Let me explain what "probable cause" means for Plaintiff's malicious prosecution claim. Probable cause is a state of facts that would lead a person of ordinary caution and prudence to believe, or to entertain an honest and strong suspicion, that the person committed the offense charged. A reasonable ground for belief of the guilt of the accused may be based on information from other persons as well as on personal knowledge. It is not necessary to verify the correctness of each item of information so obtained; it is sufficient to act with reasonable prudence and caution.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction. The fact that Amor's conviction was vacated and Amor was acquitted following a retrial does not by itself mean that the Defendants did not have probable cause at the time of the prosecution. In addition, the actual guilt or innocence of Amor is not at issue.

An indictment by a grand jury creates a rebuttable presumption that probable cause existed for the criminal charges against Amor. It may be rebutted by other evidence such as proof that the indictment was obtained by false testimony before the grand jury or by other improper or fraudulent means.

**Defendants' Proposed Instruction No. 19**

*Source:* Given in *Cole v. Meeks,* 15 C 1292, (J. Mihm, C.D. Ill. April 22, 2019, Dkt. 151); *Gauger v. Hendle*, 2011 IL App (2d) 100316 at ¶112; 954 N.E.2d 307, 329-30 (2011); *Johnson v. Target Stores*, 341 Ill.App.3d 56, 72; 791 N.E.2d 1206, 1219 (1st Dist. 2003); 7th Circuit Pattern Civil Jury Instruction 7.08 (modified); *Freides v. Sani-Mode Mfg. Co*., 33 Il.2d 291, 296 (1965).

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: ____X_____

**Plaintiff's objection:** This instruction is incomplete and misleading. For example, the instruction indicates that the fact that Amor's conviction was vacated nad he was acquitted does not by itself mean that there was no probable cause, but it does not likewise explain that the fact that he was convicted at his first trial also does not mean that there was probable cause. In addition, the sentence that "the actual guilt or innocence of Amor is not at issue" is confusing because innocence and guilt are relevant to Plaintiff's damages, including on this claim. It is not necessary to explain this and it creates confusion.

Further, the statement that the indictment crates a rebuttable presumption of probable cause is an incomplete statement of the law and if this statement is going to be given should include additional ways in which the presumption can be rebutted.

## "MALICE" DEFINED

Malice is the intent, without justification, to commit a wrongful act. In order to find malice, you must find that the Defendant you are considering commenced or continued the criminal proceeding against Amor with any motive other than that of bringing him to justice. Malice does not necessarily mean personal ill-will, spite, or hatred toward Amor.

Malice may be inferred from the absence of probable cause if the circumstances that surrounded the start of the criminal proceeding are not consistent with good faith, and if the absence of probable cause has been proven by a preponderance of the evidence. Malice may not be inferred if you find that probable cause existed for the charges.


**Defendants' Proposed Jury Instruction No. 20**

Source:  *Holt v. City of Chicago*, 2022 IL App. (1st) 220400 at ¶89-90, 214 N.E.3d 877, 906-07 (2022); *Gauger v. Hendle*, 2011 IL App (2d) 100316 at ¶122; 954 N.E.2d 307, 333 (2011); *Johnson v. Target Stores*, 341 Ill.App.3d 56, 76-77; 791 N.E.2d 1206, 1222-223 (2003); *Rodgers v. Peoples, Gas, Light & Coke Co.*, 315 Ill.App.3d 340, 349, 733 N.E.2d 835, 842 (2000);


GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's objection: Plaintiff's definition is easier to understand.**

**FIFTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Plaintiff claims that Defendants Michael Cross, Robert Guerrieri, and Brian Cunningham intentionally inflicted emotional distress upon him in violation of Illinois state law.

To succeed on this claim, Plaintiff must prove each of the following things as to the Defendant you are considering by a preponderance of the evidence:

1. The Defendant you are considering engaged in extreme and outrageous conduct;

2. The Defendant you are considering intended for his conduct to inflict severe emotional distress upon Amor or knew there was a high probability that his conduct would cause Amor to suffer severe emotional distress; and

3. The conduct of the Defendant you are considering in fact caused Amor severe emotional distress.

"Extreme and outrageous conduct" means conduct that, under the circumstances, extends beyond the bounds of human decency and is considered intolerable in a civilized community. Insults, indignities, threats, annoyances, petty oppressions, or trivialities do not qualify as extreme and outrageous conduct.

In determining whether conduct is extreme and outrageous, you may consider the following factors: the degree of power or authority that the Defendant had over Amor; whether the Defendant reasonably believed that his conduct had a legitimate objective; and whether the Defendant was aware Amor was particularly susceptible to emotional distress.

If you find that Plaintiff has proven all of these things by a preponderance of the evidence as to the Defendant you are considering, then you should find for Plaintiff and against that Defendant and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant, and not consider the question of damages.

**Defendants' Proposed Jury Instruction No. 21**

Source: *Sun v. Xu*, 99 F.4th 1007, 1013 (7th Cir. 2024); *Schweihs v. Chase Home Fin., LLC*, 77 N.E.3d 50, 63 (Ill. 2016); *Kolegas v. Heftel Broad. Corp.*, 607 N.E. 2d 201, 211 (Ill. 1992); *McGrath v. Fahey*, 533 N.E.2d 806, 809-11 (Ill. 1988).

GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____X_____

**Plaintiff's Objection: This is not an accurate description of the law. For example, threats and indignities, if combined with other conduct, can be considered extreme and outrageous. Moreover, Plaintiff's instruction is more fulsome and therefore should be given.**

## SIXTH CLAIM: STATE CIVIL CONSPIRACY CLAIM

Plaintiff claims that Defendants Michael Cross, Robert Guerrieri, and Brian Cunningham conspired with each other to maliciously prosecute Amor and/or to intentionally inflict emotional distress upon him. This claim is derivative of Plaintiff's Fourth Claim: Malicious Prosecution and her Fifth Claim: Intentional Infliction of Emotional Distress. This means that you should only consider this State Civil Conspiracy claim if you first find in favor of Plaintiff and against at least one Defendant on Plaintiff's Fourth Claim: Malicious Prosecution and/or her Fifth Claim: Intentional Infliction of Emotional Distress. If you find in favor of Defendants Cross, Guerrieri and Cunningham on the Fourth Claim: Malicious Prosecution and the Fifth Claim: Intentional Infliction of Emotional Distress, then you must find in favor of all Defendants on this Sixth Claim: State Civil Conspiracy. If, on the other hand, you find in favor of Plaintiff and against Defendant Guerrieri, Cross and/or Cunningham on Plaintiff's Fourth Claim: Malicious Prosecution and/or his Fifth Claim: Intentional Infliction of Emotional Distress, then you should go on to consider whether Plaintiff has proven his State Civil Conspiracy Claim against any Defendant.

To succeed on this claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1.  The Defendant you are considering entered into an agreement with one or more persons to maliciously prosecute Amor and/or to intentionally inflict emotional distress upon him;

2.  The Defendant you are considering knowingly entered the agreement with the intention to carry it out;

3.  One or more of the participants to the agreement committed an act in furtherance of the agreement to maliciously prosecute Amor and/or to intentionally inflict emotional distress upon him; and,

4.  The agreement caused Amor to suffer damages by being maliciously prosecuted and/or subjected to intentionally inflicted emotional distress.

If you find that Plaintiff has proved all of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for Plaintiff and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against the Defendant you are considering, then you should find for that Defendant, and you will not consider the question of damages.

**Defendants' Proposed Instruction No. 22**

Source: *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070 at ¶ 109, 987 N.E.2d 864, 894 (2013); *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 102, 133-34, 720 N.E.2d 242, 258 (1999); *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 62-64, 645 N.E.2d 888, 894-95 (1994).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's objection: The first paragraph of this instruction is duplicative of the elements and over-emphasizes the fact that there must be an underlying constitutional violation. This instruction is also missing an explanation of what an agreement is, which is included in Plaintiff's instruction.**

## NO NEED TO CONSIDER DAMAGES

If you decide for all Defendants on the question of liability, then you should not consider the question of damages.

**Defendants' Instruction No. 23**

Source: Seventh Circuit Pattern Civil Jury Instruction 1.31

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's objection: Plaintiff has proposed an instruction that indicates if the jury finds for the Plaintiff against one of the Defendants, then the jury can consider damages; and if not, then the jury does not. This instruction is one-sided. It is also duplicative as each claims instruction indicates that the jury should only go on to consider damages if it finds liability against at least one defendant on that particular claim.**

## DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on any of her claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find Amor sustained as a direct result of Defendant's actions.

Plaintiff must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical, mental, and emotional pain and suffering or loss of a normal life that Amor experienced. No evidence of the dollar value of the physical, mental, and emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

**Defendants' Proposed Instruction No. 24**

Source: 7th Circuit Pattern Civil Jury Instruction 7.26

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____X_____

**Plaintiff's objection: Plaintiff's instruction is more fulsome and more accurately captures Mr. Amor's damages insofar as it includes loss of liberty and loss of a normal life.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEANNE OLSON, as Trustee of the | ) | |
| William Amor Trust for WILLIAM E. AMOR, | ) | |
| deceased, | ) | 18-CV-02523 |
| Plaintiff, | ) | |
| | ) | Judge John J. Tharp, Jr. |
| v. | ) | |
| | ) | |
| REBECCA GOMEZ, as Special Representative | ) | |
| for MICHAEL CROSS, deceased; ROBERT | ) | |
| GUERRERI; BRIAN CUNNINGHAM; | ) | |
| and THE CITY OF NAPERVILLE, | ) | |
| Defendants. | ) | |

## **DEFENDANTS' PROPOSED SPECIAL INTERROGATORIES**

1.      Do you find by a preponderance of the evidence that during the interview of Amor on October 3-4, 1995, Defendant Michael Cross used physical force against Amor by lifting him from his chair by the shoulders and shaking him, or grabbing him by the shoulders or neck and pushing him?

YES      _____

NO      _____

2.      Do you find by a preponderance of the evidence that during the interview of William Amor on October 3-4, 1995, Defendant Michael Cross told Amor that "I'm going to kick your f---ing ass if you don't confess" or if you don't "tell the truth"?

YES      _____

NO      _____

**Plaintiff's objection: These special interrogatories are not necessary and are confusing, particularly since the jury will be instructed that it should determine whether the Defendants violated Plaintiff's rights based on a totality of the circumstances. These instructions capture some—but not all—of the misconduct (i.e., they do not capture the**

"totality of the circumstances") and they will unnecessarily confuse the issues without providing any useful information. For example, a jury could still find the Defendants liable for violating Plaintiff's Fifth Amendment rights even if it did not answer "yes" to one of these special interrogatories.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEANNE OLSON, as Trustee of the | ) | |
| William Amor Trust for WILLIAM E. AMOR, | ) | |
| deceased, | ) | 18-CV-02523 |
| Plaintiff, | ) | |
| | ) | Judge John J. Tharp, Jr. |
| v. | ) | |
| | ) | |
| REBECCA GOMEZ, as Special Representative | ) | |
| for MICHAEL CROSS, deceased; ROBERT | ) | |
| GUERRERI; BRIAN CUNNINGHAM; | ) | |
| and THE CITY OF NAPERVILLE, | ) | |
| Defendants. | ) | |

## <u>VERDICT FORM</u>

WE THE JURY UNANIMOUSLY FIND AS FOLLOWS:

### <u>Section I - Liability</u>:

For each of Plaintiff's claims, indicate your verdict by marking the appropriate line, "For Plaintiff" or "For Defendant" with an "X."

### First Claim: Coerced Involuntary Confession

|  | For Plaintiff | For Defendant |
|---|---|---|
| <u>As to</u>: | | |
| Michael Cross | _____ | _____ |
| Robert Guerrieri | _____ | _____ |

### Second Claim: Conspiracy to Violate Constitutional Rights

|  | For Plaintiff | For Defendant |
|---|---|---|
| <u>As to</u>: | | |
| Michael Cross | _____ | _____ |
| Robert Guerrieri | _____ | _____ |
| Brian Cunningham | _____ | _____ |

**Third Claim: Failure to Intervene**

|            | For Plaintiff | For Defendant |
|------------|---------------|---------------|
| As to:     |               |               |
| Michael Cross | _____ | _____ |
| Robert Guerrieri | _____ | _____ |

**Fourth Claim: Malicious Prosecution**

|            | For Plaintiff | For Defendant |
|------------|---------------|---------------|
| As to:     |               |               |
| Michael Cross | _____ | _____ |
| Robert Guerrieri | _____ | _____ |
| Brian Cunningham | _____ | _____ |

**Fifth Claim: Intentional Infliction of Emotional Distress**

|            | For Plaintiff | For Defendant |
|------------|---------------|---------------|
| As to:     |               |               |
| Michael Cross | _____ | _____ |
| Robert Guerrieri | _____ | _____ |
| Brian Cunningham | _____ | _____ |

**Sixth Claim: Civil Conspiracy**

|            | For Plaintiff | For Defendant |
|------------|---------------|---------------|
| As to:     |               |               |
| Michael Cross | _____ | _____ |
| Robert Guerrieri | _____ | _____ |
| Brian Cunningham | _____ | _____ |

If you found for Defendants on all of Plaintiff's claims in Section I, skip Section II and proceed to Section III.

**Section II - Damages:**

If you found for Plaintiff and against one or more Defendants on any of Plaintiff's claims in Section I, please complete this section.

<b>Compensatory Damages</b>

Plaintiff is awarded $_____ in compensatory damages.

<b>Punitive Damages</b>

If you found for Plaintiff and against either Defendant Robert Guerrieri or Defendant Brian Cunningham, do you award Plaintiff punitive damages? As to the Defendant below, either (1) place an "X" on the NO line, or (2) place an "X" on the YES line and write the amount of punitive damages awarded against Defendant on the line immediately to the right. Then proceed to Section III.

Robert Guerrieri **NO** _____

**YES** _____ Amount: $_____

Brian Cunningham **NO** _____

**YES** _____ Amount: $_____

**Plaintiff's Objection: Plaintiff's verdict form is easier to follow and write in for the jury.**

**<u>Section III</u>**:

 Please sign and date the verdict form below:


_____  _____

Foreperson


_____  _____


_____  _____


_____  _____


_____  _____


_____  _____


DATE: _____