IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNE OLSON as successor plaintiff for WILLIAM E. AMOR, <br><br> Plaintiff, <br><br> v. <br><br> REBECCA GOMEZ as Special Representative for the Estate of MICHAEL CROSS; ROBERT GUERRIERI; BRIAN CUNNINGHAM; and the CITY OF NAPERVILLE, <br><br> Defendants. | No. 18 CV 2523 <br><br> Judge John J. Tharp, Jr. |

## ORDER

For the reasons set forth in the Statement below, the defendants' motion for judgment on the plaintiff's claim for malicious prosecution [211] is denied.

## STATEMENT

The defendants bring this motion pursuant to Fed. R. Civ. P. 12(c) and 12(h)(3), seeking judgment on the plaintiff's malicious prosecution claim which, they argue, did not survive the plaintiff's death under Illinois law. Mot. for J. on Pleadings, ECF No. 211. The original plaintiff, William Amor, spent over twenty years in prison for allegedly starting a house fire that resulted in the death of his mother-in-law, before an Illinois court acquitted him following a retrial. Summ. J. Op. 10-11, ECF No. 209. Mr. Amor then filed this lawsuit against several members of the Naperville Police Department who investigated the crime in 1995, seeking damages for the harm he suffered because of his wrongful conviction and imprisonment. Compl., ECF No. 1.

The defendants moved for summary judgment on December 17, 2021.[1] Mot. for Summ. J., ECF No. 135. On January 31, 2023, while the motion for summary judgment was pending, Mr. Amor passed away. Suggestion of Death, ECF No. 192. Plaintiff's counsel filed a suggestion of death on February 16, 2023, and subsequently moved to substitute Jeanee Olson, the trustee of William Amor's trust, as the plaintiff on February 27, 2023. *Id.*; Mot. to Substitute, ECF No. 199. The defendants did not oppose the motion and the Court entered an order substituting Ms. Olson for Mr. Amor. Order, ECF No. 200.

---

[1] This case was originally before Judge John Lee before being transferred to Judge Robert Dow. Order, ECF No. 176. The case was subsequently transferred from Judge Dow to the undersigned Judge on October 11, 2022. Order, ECF No. 180.

On January 30, 2024, following Ms. Olson's substitution, the Court denied summary judgment on the malicious prosecution claim. Summ. J. Op. 37, ECF No. 209. The opinion did not address whether the claim survived Mr. Amor's death and the parties did not raise the issue of survivability in their briefing. *Id*. Now, over a year after the plaintiff filed the motion for substitution, the defendants seek judgment on the plaintiff's malicious prosecution claim on the basis that it did not survive Mr. Amor's death under the Illinois Survival Act. The defendants argue that they are therefore entitled to judgment pursuant to Fed. R. Civ. P. 12(c) and 12(h)(3) for lack of subject matter jurisdiction over the claim. Mot. for J. on Pleadings, ECF No. 211.

In her response, the plaintiff argues that the defendants' motion is untimely and that the abatement argument is waived because the defendants failed to object when the plaintiff filed her Rule 25 motion to substitute parties. Unopposed Mot. to Substitute Parties, ECF No. 199; Resp. 3, ECF No. 225. The plaintiff claims that the motion is untimely because a Rule 12(c) motion may be brought after the dispositive motions deadline only if the party provides good cause for the delay, in accordance with Rule 16(b)(4), and "if it will not delay trial." *Riggins v. Walter*, 279 F.3d 422, 428 (7th Cir. 1995); Resp. 3, ECF No. 225. Here, there is no indication that ruling on the defendants' motion will delay trial; regardless of the Court's ruling on the present motion, the trial will proceed as scheduled. As to good cause, however, the defendants make no argument to excuse their delay, relying instead on their characterization of the motion as implicating this Court's subject matter jurisdiction under Rule 12(h)(3), an issue which "can never be waived or forfeited," and "may be resurrected at any point in the litigation." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); Defs. Reply 4, ECF No. 241. As the Court describes below, however, this motion does not arise under Rule 12(h)(3). As a result, the defendants' Rule 12(c) motion is untimely because the defendants fail to present good cause justifying their delay.

In support of its position that the defendants waived this abatement defense by failing to object to the substitution motion, the plaintiff cites to several cases where courts have applied the waiver doctrine in the context of motions to substitute. Resp. 4-5, ECF No. 225.*Universitas Educ., LLC v. Granderson*, 98 F.4th 357, 373 (1st Cir. 2024) (late objection based on the opposing party's alleged failure to follow Rule 25's procedural rules for substitution is forfeited); *Simmons v. King*, 333 F.2d 178, 180 (4th Cir. 1964) (substitute defendant waived her argument that she was not a proper party); *Concord Boat Corp. v. Brunswick Corp.*, 21 F. Supp. 2d 923, 938 (E.D. Ark. 1998), rev'd, 207 F.3d 1039 (8th Cir. 2000) (defendants waived untimely objection to the substitution of plaintiffs as "real parties in interest" pursuant to Rule 17); *Wolter v. Anselmo Lindberg Oliver, LLC*, No. 16 C 4205, 2017 WL 11559026, at *1 n.1 (N.D. Ill. Apr. 27, 2017). The plaintiff also cites to *In re Polo Builders* where a bankruptcy court in this district held that a substitute defendant's motion to vacate a prior order granting substitution under Rule 25 came too little, too late. 374 B.R. 638, 642 (Bankr. N.D. Ill. 2007). The party "did not appear at the . . . hearing to oppose the motion personally or through counsel, nor did she file any written objection to it," so the defendant's objection, raised "for the first time" in what could be best described as a motion for reconsideration, was waived. *Id.*

On the defendants' reading, the plaintiff's waiver argument is foreclosed by the plain text of Rule 12(h)(3) which states that a court must dismiss a case if it "determines at any time it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3). In support of their position that this Court lacks subject matter jurisdiction over the plaintiff's malicious prosecution claim, the defendants rely on a 1930 Illinois Supreme Court case, *People ex rel. Peace v. Taylor*, which

2

held that the abatement of a cause of action due to the death of the party deprives a court of jurisdiction to hear the claim. 174 N.E. 59, 63 (Ill. 1930) ("Abatement of the suit or proceeding extinguishes jurisdiction in the court of the subject-matter, and, whether the court entered an order indicating the cause had abated or not, the cause was none the less abated by the death of Joyce."). Under Illinois law, when a claim is extinguished, the only permissible order a court may enter is an order dismissing the claim. *See* 1 Ill. Law and Prac. Abatement § 8 (2024 ed.) ("[S]ince the abatement extinguishes the court's jurisdiction of the subject matter, the only order it can enter is one dismissing the petition because the action has abated."). The plaintiff contests *Taylor's* significance, arguing that a nearly century-old state precedent cannot serve to divest a federal court of its subject matter jurisdiction over a state law claim. Resp. 4, ECF No. 225 ("Article III jurisdiction is a federal question—not a state law one—and there is ample federal support for the proposition that the failure to object to a Rule 25 motion waives any future argument on that score.").

The Court is unpersuaded by the defendants' reliance on the Illinois Supreme Court's characterization of abatement as "extinguish[ing] jurisdiction in the court of the subject-matter," to implicate this Court's duty to assure itself of federal subject matter jurisdiction and thereby avoid the straightforward application of waiver that this motion demands. *Taylor*, 171 N.E. at 63. State law has nothing to say about federal subject matter jurisdiction. Plaintiff's state law malicious prosecution claim is properly before this Court based on the Court's supplemental jurisdiction under 28 U.S.C. § 1367. As such, though Illinois law governs the substance of the claim, federal procedural law governs the processing of the claim. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 408 (2010) (holding that the federal rule governing class actions applied to a state law claim because the rule "alter[s] only how the claims are processed."). And as noted above, federal procedural law permits a motion for judgment on the pleadings to be filed after the dispositive motions deadline only if the party provides good cause for the delay. *Riggins*, 279 F.3d at 428. The defendants have identified no cause, much less good cause, for failing to object to the plaintiff's Rule 25 motion and so have waived any objection to the substitution. Whether the substitution was viable under state law or not is of no moment given the defendants' default; this Court has no occasion to address state substantive law when federal procedure obviates any need to do so.

Mr. Amor passed away on January 31, 2023. Suggestion of Death, ECF No. 192. The Court granted the plaintiff's unopposed motion to substitute Ms. Olson on February 28, 2023, with no objection from the defendants. Order, ECF No. 200. The defendants did not file this motion until April 9, 2024—406 days after the Court entered the substitution order. Mot. for J. on Pleadings, ECF No. 211. By not objecting when the motion for substitution was first filed, and subsequently waiting over a year to file the present motion with no discernable explanation for the delay, the defendants waived their argument that the plaintiff's malicious prosecution claim extinguished upon Mr. Amor's death. The defendants did not comply with federal procedure in making their objection to the substitution, so there is no need to consider the merit of their objection.

3

\* \* \*

For the reasons set forth above, the defendants' motion for judgment on the plaintiff's malicious prosecution claim [211] is denied.

Date: July 9, 2024

John J. Tharp, Jr.
United States District Judge