IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNE OLSON, as Trustee of the William Amor Trust for WILLIAM E. AMOR, deceased, <br>       Plaintiff, <br><br> v. <br><br> REBECCA GOMEZ, as Special Representative for MICHAEL CROSS, deceased; ROBERT GUERRERI; BRIAN CUNNINGHAM; and THE CITY OF NAPERVILLE, <br>       Defendants. | 18-CV-02523 <br><br> Judge John J. Tharp, Jr. |

**DEFENDANTS' MOTION *IN LIMINE* TO ADMIT
FOUR REPORTS AS NON-HEARSAY**

Defendants, by and through their undersigned counsel, move to admit the following defense exhibits into evidence as non-hearsay: 25-Y, pages 7 and 8 of 25-H, 25-W, and 25-Z. In support, Defendants state:

"[E]vidence is only hearsay if it is 'offered to prove the truth of the matter asserted.'" *Zamboni v. R.J. Reynolds Tobacco Co.*, 96 Fed. R. Evid. Serv. 455, 2015 WL 221150, at *3 (M.D. Fla. Jan. 13, 2015) (quoting Fed. R. Evid. 801(c)(2)). Here, none of these reports are being offered for their truth. Defendants are not suggesting—and frankly are not interested—in whether (1) Glisson, in fact, heard what she claimed to have heard when she spoke to police officers during the course of the investigation, or (2) Manion and Amor, in fact, discussed what Manion said they discussed. They are being offered, instead, exclusively for the non-hearsay purposes described below.

First, Defendants' Exhibit 25-Y (attached as Ex. A) memorialized Cunningham's testimony that he met with Glisson on September 11 who provided him with information

regarding Bill and Tina discussing life insurance and Bill talking about owning a home in Iowa. Cunningham testified to this, but Plaintiff's counsel aggressively suggested that the date of the approval date of the report—October 16—meant that the Glisson conversation happened *after* Amor's October 4 confession. Defendants are exclusively offering the report to demonstrate that, per the report, Glisson did, in fact, provide the information to which Cunningham testified on September 11.

      This is plainly appropriate, as evidence is "non-hearsay" where it is offered to show that a contested event actually occurred "at that time" shown in the evidence. *Lisker v. City of L.A.*, No. CV09-09374 AHM (AJWx), 2012 WL 3588560, at *2 (C.D. Cal. Aug. 20, 2012); *see Vellali v. Yale Univ.*, No. 3:16-cv-1345(AWT), 2023 WL 3722274, at *2 (D. Conn. May 30, 2023) (evidence is admissible where "offered for [the] non-hearsay purpose" that a relevant entity was "engaged in [an act] during the relevant time period"); *see also United States v. Williams*, 578 Fed. App'x 872, 876 (11th Cir. 2014) (crediting district court finding that if a "'statement is being offered to show that it was made at a time and place to an officer, it is not hearsay, because it is not being offered for its substance, but the fact of its having been made'").

      This rationale holds true for pages 7 and 8 of Defendants' Exhibit 25-H—a portion of Detective Cross' report (here, Ex. B)—which reflect Cross' discussions with Tina on September 16 and 18, 1995, and Defendants' Exhibit 25 W—Detective Sullivan's October 3, 1995 report (here, Ex. C). All of these reports concern discussions between NPD officers and Tina regarding her intention to divorce Amor before he confessed. As such, they are offered as evidence of the moment in time when that decision was made, which the above-cited cases demonstrate is an appropriate non-hearsay purpose by which evidence should be admitted.

2

Second, Defendants' Exhibit 25-Z (attached as Ex. D) is a supplementary report recounting Michael Mannion's statements to Defendants, which is being offered exclusively to corroborate Assistant State's Attorney Brian Nighosian's testimony that he did not "make up," as Mr. Loevy accused him, the discussion in his November 1, 1995 report documenting Amor's statements about his discussions with "Mike" while Amor was in jail about ways to get money by killing Marianne Miceli. The supplementary report—which carries an approval date of October 18, 1995, and reflects a conversation date with Mannion of October 9, 1995—quite clearly demonstrates that Mannion made statements to Defendants confirming his discussions with Amor. Northern District courts routinely hold that a document offered "merely to corroborate [a] contention…would constitute a non-hearsay purpose for admissibility." *Brown v. Morsi*, No. 15-cv-4127, 2018 WL 3141761, at *3 n.3 (N.D. Ill. June 26, 2018); *see also Pillay v. Millard Refrigerated Servs., Inc.*, No. 09-cv-5725, 2012 WL 4498221, at *7 (N.D. Ill. Sept. 28, 2012) (declining to strike transcripts and affidavits as hearsay where the documents were "offer[ed]…for the non-hearsay purpose of…corroborating [one party's] position"). Here, Defendants offer the Mannion report to show that Defendants followed up and corroborated the information provided by Amor.

Plaintiff's counsel has also repeatedly accused Cunningham, Nighosian, and Guerrieri of misrepresenting when and what they learned from Glisson. Defense Exhibit 25-Y (here, Ex. A) corroborates the officers' and attorney's accounts. Plaintiff suggests that Defendants fabricated Glisson's information after-the-fact, but the existence of a report reflecting that the information was provided on September 11 is plainly admissible for the purpose of corroboration, which is non-hearsay as a matter of fact and law. (*See* Ex. A.) Plaintiff's argument that the October 20 "approval" date on the report supports his position is a matter of weight for the jury—they can

3

judge for themselves whether the October 20 approval date outweighs the corroborating information indicating a conversation took place on September 11—rather than anything that goes to admissibility

## CONCLUSION

Defendants respectfully request that the Court admit the following defense exhibits into evidence as non-hearsay: 25-Y, pages 7 and 8 of 25-H, 25-W, and 25-Z.

Date: July 31, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Thomas J. Sotos
　　　　　　　　　　　　　　　　　　　　　THOMAS J. SOTOS, Attorney No. 6327630
　　　　　　　　　　　　　　　　　　　　　*One of the Attorneys for Defendants*

James G. Sotos
Laura M. Ranum
Lisa M. Meador
Jeffrey C. Grossich
Thomas J. Sotos
THE SOTOS LAW FIRM, P.C.
141 W. Jackson Blvd., #1240A
Chicago, IL 60604
(630) 735-3300
tsotos@jsotoslaw.com

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on July 31, 2024, I electronically filed the foregoing **Defendants' Motion *In Limine* to Admit Four Reports as Non-Hearsay** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants listed on the below Service List.

**<u>Attorneys for Plaintiff</u>:**
Jon Loevy
Gayle Horn
Locke Bowman
Alyssa Martinez
Loevy & Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL 60607
(312) 243-5900
jon@loevy.com
gayle@loevy.com
locke@loevy.com
alyssa@loevy.com

/s/ Thomas J. Sotos
THOMAS J. SOTOS, Attorney No. 6327630
*One of the Attorneys for Defendants*