IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANNE OLSON as successor plaintiff for WILLIAM E. AMOR, <br><br>Plaintiff, <br><br>v. <br><br>REBECCA GOMEZ as Special Representative for the Estate of MICHAEL CROSS; ROBERT GUERRIERI; and the CITY OF NAPERVILLE, <br><br>Defendants. | No. 18 C 02523 <br><br> Judge John J. Tharp, Jr. |

## ORDER

Following the return of a jury verdict in this matter on August 5, 2024, the Court enters this order setting forth its rulings on all trial motions that have not already been terminated administratively on the docket. The Clerk is directed to terminate the motions included below.

## I.    *Daubert* Motions

The plaintiff's motion to limit the testimony of expert witnesses Dr. Zoe Arvanitakis, Dr. Jennifer Ahmadian, and Nurse Practitioner Eileen Schedel [230] is denied as moot. The parties agreed to permit only Dr. Arvanitakis to testify.

The plaintiff's motion to bar the testimony of John Brown [232] and the defendants' motion to bar the testimony of Andrew Scott [234] are denied as moot. As the Court noted in its full ruling on the parties' *Daubert* motions, the parties agreed to attempt to reach an agreement as to the admissibility of or need for John Brown and Andrew Scott's testimony. *Daubert* Order 13 n.7, ECF No. 359. Neither party elected to call their respective expert witness, so both motions [232] [234] are denied as moot.

The plaintiff's motion to enforce Rule 26(a)(2) as to Dr. Michael Welner's supplemental declaration [266] was denied. The Court previously ruled that the plaintiff's objection to the disclosure of the supplemental declaration was unfounded. *Daubert* Order 30, ECF No. 359.

## II.    Motions in Limine

For the reasons stated on the record during the pretrial conferences on July 10 and July 16, 2024, the plaintiff's following motions in limine were granted:

- Motion in Limine 1 [281]: To bar reference to or introduction of inadmissible hearsay opinion about Mr. Amor's confession.
- Motion in Limine 2 [282]: To admit prior testimony of Russell Wiedemann and Mr. Amor.
- Motion in Limine 3 [283]: To bar defendants' evidence of their inability to pay.
- Motion in Limine 4 [284]: To bar reference of defendants' commendations and other evidence of good character.
- Motion in Limine 5 [285]: To bar evidence suggestive of an intimate relationship between Mr. Amor and Marianne Miceli.
- Motion in Limine 6 [286]: To bar reference to a sexual relationship between Tina Miceli and Mr. Amor when she was underage.
- Motion in Limine 7 [287]: To bar reference to the denial of Mr. Amor's request for a certificate of innocence.
- Motion in Limine 8 [288]: To bar grand jury testimony of deceased witness Marilyn Glisson.
- Motion in Limine 9 [289]: To bar inadmissible opinions about Mr. Amor's guilt.
- Motion in Limine 11 [291]: To bar questioning of Erica Nicols Cook regarding Tina Miceli's recounting to her of a purported confession Mr. Amor made to Tina Miceli.
- Motion in Limine 17 [297]: To bar testimony or reports from non-disclosed experts.
- Motion in Limine 18 [298]: To bar exhibits/testimony about victim impact statements and Mr. Amor's sentencing hearing.
- Motion to bar Officer Griffith and Marilyn Glisson's "scammer" hearsay evidence [355].

For the reasons stated on the record during the pretrial conferences on July 10 and July 16, 2024, the plaintiff's following motions in limine were denied:

- Motion in Limine 10 [290]: To bar irrelevant and unduly prejudicial evidence about pet mice and the smoke detector.
- Motion in Limine 14 [294]: To bar testimony from the keeper of records for probation-related exhibits and the exhibits themselves.
- Motion in Limine 15 [295]: To bar defendants' proposed exhibit 197.
- Motion in Limine 16 [296]: To bar reference to Marianne Miceli having a psychiatric condition in certain exhibits.
- Motion to bar defendants' attempt to unilaterally add an additional witness after the pretrial order was filed [343].

For the reasons stated on the record during the pretrial conferences on July 10 and July 16, 2024, the plaintiff's following motions in limine were granted in part and denied in part:

- Motion in Limine 12 [292]: To bar all references to any of Mr. Amor's prior arrests or convictions.
- Motion in Limine 13 [293]: To bar all references to any prior bad acts or other character evidence.

2

For the reasons stated on the record during the pretrial conferences on July 10 and July 16, 2024, the defendants' following motions in limine were granted:

- Motion in Limine 1 [274]: To bar plaintiff from referring to "constitutional rights" as a category of damages.
- Motion in Limine 2 [275]: To bar argument that defendants caused Mr. Amor's alcohol abuse problem, health issues, or death.
- Motion in Limine 3 [276]: To bar argument that Mr. Amor was found innocent.
- Motion in Limine 4 [277]: To bar reference to prior discipline, other lawsuits, and other allegations of misconduct against defendants.
- Motion in Limine 5 [278]: To bar evidence and reference to generalized allegations of police misconduct.
- Motion in Limine 6 [278]: To bar reference to or argument concerning Naperville's duty to indemnify.
- Motion in Limine 7 [278]: To remove reference to Naperville in the jury instructions, verdict form, and case captions shown to jurors.
- Motion in Limine 10 [278]: To bar argument, evidence, or inuendo that police officers are paid witnesses.
- Motion in Limine 11 [278]: To bar argument, evidence, or reference to the defendants being insured.
- Motion in Limine 12 [280]: To bar plaintiff from making improper arguments concerning damages.
- Motion in Limine 14 [301]: To bar reference to Marilyn Glisson allegedly stabbing her boyfriend.
- Motion in Limine 15 [302]: To bar undisclosed expert witnesses.
- Motion in Limine 18 [305]: To bar evidence and argument of motive or bias related to Jon Ripsky's relationship to Mr. Amor.

For the reasons stated on the record during the pretrial conferences on July 10 and July 16, 2024, the defendants' following motions in limine were denied:

- Motion in Limine 9 [278]: To bar "golden rule" arguments.
- Motion in Limine 16 [303]: To bar Dr. Michael Chiapetta's prior testimony.
- Motion in Limine 17 [304]: To bar argument that the confession was fabricated or that defendants/investigators knew the ignition scenario was false.
- Motion in Limine 19 [306]: To bar evidence and argument that Mr. Amor's September 15 statement was coerced or given under the influence of alcohol.

For the reasons stated on the record during the pretrial conferences on July 10 and July 16, 2024, the defendants' following motions in limine were granted in part and denied in part:

- Motion in Limine 8 [278]: To bar any argument that the jury should punish or "send a message" to Naperville.
- Motion in Limine 13 [299]: To order plaintiff to choose either Erica Nichols Cook or Lauren Kaeseberg to testify and to limit their testimony.

3

### III. Other Trial Motions

The defendants' motion to admit four police reports as non-hearsay [374] is denied as moot because the parties reached an agreement as to their admissibility.

The plaintiff's motion to limit Pamela Leavenworth's testimony or to permit the plaintiff to elicit her relationship to the case [378] was denied for the reasons stated on the record on August 1, 2024.

The plaintiff's renewed motions to strike or limit Dr. Icove's "dry newspaper" opinion [376] [381] were denied as untimely for the reasons stated on the record on August 2, 2024.

The defendants' motion for an alternative jury instruction on the conspiracy to violate a constitutional right claim [382] was denied for the reasons stated on the record on August 2, 2024.

Date: August 6, 2024

John J. Tharp, Jr.
United States District Judge

4